[No. 18280.  Department Two.—January 10, 1896.]

PARKE & LACY COMPANY, APPELLANT, *v.* WHITE RIVER LUMBER COMPANY ET AL., DEFENDANTS. OSGOOD HILTON, RESPONDENT.

MORTGAGE FOR DEBT OF ANOTHER—SURETYSHIP—DISCHARGE OF LIEN—CHANGE OF PRINCIPAL CONTRACT.—When property of any kind is mortgaged or pledged by the owner to answer for the default or miscarriage of another person, such property occupies the position of a surety or guarantor, and anything which will discharge an individual surety or guarantor who is personally liable will, under similar circumstances, discharge such property; and the mortgaged property is exonerated from all liability as surety if, after the execution of the mortgage, the principal contract between the debtor and creditor is altered in any material particular without the consent of the mortgagor.

ID.—RECITALS IN MORTGAGE—ESTOPPEL—REFERENCE TO LEASE—CONDITIONAL SALE—ALTERATION OF TERMS.—A recital in a mortgage executed by a third person to secure payments under a lease which operates

in law as a conditional sale, that the principal debtor is justly indebted to the creditor for the full sum agreed to be paid as rent for certain machinery in accordance with the terms of the lease, does not estop the mortgagor from showing that the terms of the lease were afterward altered by the parties, and that no indebtedness ever accrued in accordance with its original terms.

ID.—NOTE SECURED BY MORTGAGE—FORECLOSURE.—Where the mortgage, in addition to being given as security for the lease, is also given to secure the payment of a promissory note which is distinct from the lease or conditional sale, and which has not been altered in any respect, the mortgage should be foreclosed therefor, though discharged as to the lease by the change of its terms.

ID.—DISCHARGE OF SURETY IN PART.—Where a surety is bound by one bond for the performance by the principal of two distinct things, and the contract is varied as to one of the things to be performed, the surety is discharged as to the matter concerning which the contract has been changed, but is not discharged from that as to which it has not been changed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   A. A. SANDERSON, Judge.

The facts are stated in the opinion.

*H. A. Powell,* for Appellant.

The meaning of words and their legal effect is not affected by the fact that the party sought to be charged is principal, surety, or guarantor.   (See 1 Brandt on Suretyship, 2d ed., sec. 92.)   No strained construction should be given to the obligation of sureties, but one which accords with a rational interpretation of the language of their agreements.   (*People* v. *Breyfogle,* 17 Cal. 509.)   The principal has the right to do anything which on a fair construction of the contract was contemplated by the parties.   The surety cannot complain unless some act is done which injures him.   (5 Wait's Actions and Defenses, 193; *Smith* v. *Addison,* 5 Cranch C. C. 623; *Humphreys* v. *Crane,* 5 Cal. 173; *Ward* v. *Hackett,* 30 Minn. 150; 44 Am. Rep. 187; Civ. Code, secs. 2336, 2809, 2819, 2840.)   Where the great current of the evidence is against the findings of the court below, and the conviction that they are wrong cannot be escaped, the supreme court should not be deterred from setting them

aside. (*Field* v. *Shorb*, 99 Cal. 661.) Sureties are estopped to deny the facts recited in the obligation signed by them, and this whether the recitals are true or false in fact. (1 Brandt on Suretyship, sec. 42, et seq; *Tartar* v. *Hall*, 3 Cal, 263; *McMillan* v. *Dana*, 18 Cal. 339; *Smith* v. *Fargo*, 57 Cal. 157; *Thomas* v. *Burrus*, 23 Miss. 550; 57 Am. Dec. 154; *Kiessig* v. *Allspaugh*, 91 Cal. 234.) The decree should have been at least for the amount of the money loaned as evidenced by the promissory note. Where the contract is for the conduct of the principal in two distinct employments, an alteration in one does not discharge the surety as to the other. (*Skillett* v. *Fletcher*, L. R. 1 Com. P. 217; L. R. 2 Com. P. 469; *Croydon* v. *Dickinson*, L. R. 1 C. P. Div. 709; 2 Brandt on Suretyship, 398; *Harrison* v. *Seymour*, L. R., 1 Com. P. 518; *Farmers'* etc. *Bank* v. *Kercheval*, 2 Mich. 504.)

*Garber, Boalt & Bishop*, for Respondent.

Where a person pledges or mortgages his own property to secure the debt of another, the property so pledged or mortgaged occupies the position of a surety. (24 Am. & Eng. Ency. of Law, 722.) Where an original contract is made the basis of contract of suretyship, any alteration whatever of the terms of the original contract will discharge the surety, even when such alteration is actually beneficial to him. (Civ. Code, secs. 2819, 2836, 2840; Baylies on Sureties, 260; *Miller* v. *Stewart*, 9 Wheat. 680; *United States* v. *Tillotson*, 1 Paine, 305; *Ludlow* v. *Simond*, 2 Caines Cas. 1; 2 Am. Dec. 291; *Samuel* v. *Howarth*, 3 Mer. 272; *Polak* v. *Everett*, L. R. 1 Q. B. Div. 669; *Rees* v. *Berrington*, 2 Ves. 539; *Grant* v. *Smith*, 46 N. Y. 93; *People* v. *Vilas*, 36 N. Y. 460; 93 Am. Dec. 520; *Vose* v. *Florida R. R. Co.*, 50 N. Y. 369; *Paine* v. *Jones*, 76 N. Y. 278; *Ide* v. *Churchill*, 14 Ohio St. 384; *Gahn* v. *Niemcewicz*, 11 Wend. 317; Burge on Suretyship, 214, 215; *Pendergast* v. *Meserve*, 22 N. H. 109; 53 Am. Dec. 234, and cases there cited.) The recitals in the mortgage show that the lease is a part of the mortgage, and, as both instruments were exe-

cuted at the same time, they are to be read and construed together with regard to the recitals. (*Strong* v. *Barnes,* 11 Vt. 221; 34 Am. Dec. 684; *Howell* v. *Howell,* 7 Ired. 491; 47 Am. Dec. 335.). Recitals of indebtedness do not estop the party making them from disputing and disproving them. (Bigelow on Estoppels, 2d ed., 281, et seq., 438, et seq., 494, and cases there cited; *M'Crea* v. *Purmort,* 16 Wend. 460; 30 Am. Dec. 103; *Beach* v. *Packard,* 10 Vt. 96; 33 Am. Dec. 185; *Swafford* v. *Whipple,* 3 G. Greene, 261; 54 Am. Dec. 498, and notes thereto.) The recitals in a deed operate as an estoppel only where declarations of the grantor to the same effect, made at the time of the execution of the deed, would be evidence against him and those claiming under him. (*Joeckel* v. *Easton,* 11 Mo. 118; 47 Am. Dec. 142.)

VANCLIEF, C.—On June 12, 1889, the respondent, Hilton, executed to appellant a mortgage on real estate to secure payment of a promissory note of the same date made jointly by the White River Lumber Company and W. D. Parsons, for $650 and interest, payable to the order of plaintiff nine months after date; and also to secure the further sum of $3,064, payable to plaintiff *according to the terms of a written agreement of same date,* attached to *and made a part of the mortgage,* of which the following is a copy:

"The Parke & Lacy Company of San Francisco, Cal., lessors, hereby lease unto the White River Lumber Company and Warren D. Parson of Tulare county, Cal., lessees, the following property for the period of nine (9) months, from the 15th day of June, 1889, to wit:

"One (1) 54 inch x 16 feet horizontal stationary tubular boiler, No. 3,155, with fittings (T. M. Nagle's make).

"One (1) 16 inch x 20 inch Phœnix engine, No. 674, with a Gardner governor.

"One (1) 11 foot x 16½ inch pulley, made in halves of suitable weight.

" One (1) No. 3 Valley bucket pump, and merchandise described in the list attached hereto.

" Said property is to be used only at Arbor Vitæ, Tulare county, State of California, and said lessees are to pay to said lessors, at San Francisco, for the use of said property the sum of three thousand and sixty-four ($3,064) dollars, payable us follows: All on the 15th day of March, A. D. 1890.

" Said lessees agree that they will pay the rent at the times and in the manner aforesaid; that they will not permit said property, nor any part thereof, to be affixed to real estate, nor removal from where it is to be used aforesaid, nor deliver the same to any one, nor suffer it to be taken away by any one, except lessors, nor in any manner transfer, or attempt to transfer, this lease, or any interest therein or in said property, without the written consent of lessors; that they will keep said property in good condition and repair, and pay all expenses relating to said property hereafter incurred, including transportation and insurance thereof, in the name of lessors, and all damages to said property suffered by lessors. It is further agreed that time is of the essence of this agreement, and that upon the failure of the lessee strictly to keep and perform any of the covenants or provisions hereof by them agreed to be performed, then and thereupon without any notice this instrument shall be deemed to be canceled and of no further effect as against lessors, and all right and interest of lessee in or to said property shall cease, and all rent by lessee theretofore paid shall belong to lessors as full payment for the prior use of said property, and lessors shall be entitled to take into their possession all said property.

" Said lessors further agree that upon strict performance by lessee with all the foregoing covenants and provisions by them to be kept and performed, they shall then (but not otherwise) have the right to purchase said property by the prompt payment to the lessors of

the sum of three thousand and sixty-four ($3,064) dol-
lars.

"Witness the hands and seals of the parties hereto,
this 12th day of June, 1889.

"[Signed]       PARKE & LACY COMPANY,
"[Seal]            B. T. Lacy, Pres.
           WHITE RIVER LUMBER COMPANY,
"[Seal]          By W. D. Parson, Pres.
           W. D. PARSON.

"Witness: Osgood Hilton, W. F. Aldrich."

The conditions of the mortgage are that if default
be made in the payment of said sums of money or any
part thereof as provided in said note or agreement, the
mortgagee may sell the mortgaged property and apply
the proceeds, etc.

The mortgagor, Hilton, was not interested in the
transactions between plaintiff and the other defend-
ants, but executed the mortgage merely for the accom-
modation of the White River Lumber Company and
Parsons, to whom he or his mortgaged property stands
in the relation of mere surety, of which the mortgagee
had notice at the time the mortgage was executed; and
it is not disputed that he is entitled to all the rights
and favor accorded by law to a surety.    That is to say:
"When property of any kind is mortgaged or pledged
by the owner to answer for the default or miscarriage
of another person, such property occupies the position
of a surety or guarantor, and anything which would
discharge an individual surety or guarantor who was
personally liable will, under similar circumstances, dis-
charge such property." (Brandt on Suretyship, sec. 34,
et seq.)

This action was commenced February 7, 1891, to
recover from the White River Lumber Company and
W. D. Parson the sum of $650 and interest alleged to
be due on said promissory note, and the further sum of
$3,064 and interest alleged to be due on said written
agreement, and also to foreclose the Hilton mortgage.

The defendants, White River Lumber Company and W. D. Parson, having failed to answer the complaint, a personal money judgment was rendered against them by default for the full amount demanded.

The material substance of the very verbose separate answer of the defendant Hilton is that, without his consent, said written agreement was altered materially, after the execution of the mortgage, by a verbal agreement between plaintiff and the other defendants, at the instance and request of plaintiff; and that the agreement as written was never substantially performed on his part by the plaintiff. The alleged alterations of the contract consisted in substituting for the " Gardner governor" and the " 11 foot x 16½ inch pulley, made in halves of suitable weight," an inferior, defective, unsafe governor, known as a " Waters governor," and an inferior, defective pulley, smaller in size than that described in the written contract, and of insufficient weight. Besides the above, Hilton's answer contained a denial of the alleged indebtedness of the White River Lumber Company and Parson to the plaintiff.

The court below found in favor of the defendant Hilton on all the issues of fact; and, as conclusions of law, found that the defendant Hilton and the mortgaged property had been exonerated and discharged from all liability on the mortgage, and that the mortgage should be canceled of record; and thereupon judgment was rendered accordingly. From this judgment and from an order denying his motion for a new trial the plaintiff has appealed.

The identical written contract hereinabove set out was construed by this court in the case of *Parke etc. Co.* v. *White River Lumber Co.*, 101 Cal. 37, and held not to be a lease, but a sale, either absolute or conditional. Although that decision is not the law of this case, the law announced therein is applicable to the construction of the contract, unless the construction may be aided and changed in this case by circumstances different from those appearing in that; but I perceive no difference affecting the

construction of the contract. But the construction given in that case can be applied in this case only to the extent that the contract is not a lease, since that *decision* goes only to that extent.

By whatever name the contract may be properly designated, or however classified, it was wholly executory by both parties thereto, the promise of each party being the only consideration for the promise of the other; and the first act to be performed—the delivery of the property described to the White River Lumber Company and Parson (miscalled lessees)—was to be performed by the plaintiff. The defendant Hilton mortgaged his property to secure performance, on the part of the White River Lumber Company and Parson, of this contract, and not to secure their performance of any other or materially different contract. If, therefore, the contract was altered by the parties thereto in any material particular after the execution of Hilton's mortgage, without his consent, the mortgaged property was thereby exonerated from all liability as security. (Civ. Code, secs. 2819, 2844; Brandt on Suretyship, secs. 397, 399, and cases there cited, especially *Bragg* v. *Shain*, 49 Cal. 131; *Truckee Lodge* v. *Wood*, 14 Nev. 293; *United States* v. *Corwine*, 1 Bond, 339.)

The court below found that the contract was materially altered as alleged in Hilton's answer, and without his consent, and this finding is justified by the evidence. The only conflict of the evidence applicable to this finding is found in that part of it relating to the question whether Hilton consented to the alteration; and, as to this, the conflict is substantial to a degree which precludes this court from disturbing the finding on the ground that it is not justified by the evidence, even though it should seem from the transcript of the evidence that a preponderance thereof is against the finding.

It is contended by appellant, however, that respondent is estopped from denying the recital in the mortgage that the lumber company and Parson *"are justly*

*indebted*" to appellant in the sum of $3,064 as rent on machinery.

But such is not the recital.   It is recited in the mortgage that the White River Lumber Company and Parson are justly indebted to the Parke & Lacy Company in the sum of $650 on a certain promissory note (setting out a copy of the note); "and in the further sum of $3,064, agreed to be paid as rent by said White River Lumber Company and Warren D. Parson to said Parke & Lacy Co. for the boiler, engine, and other machinery, in accordance with the lease this day executed, of which a copy is attached hereto and made a part hereof." The whole lease, as well as the note, must be read as a part of the recitals; and when so read will not estop Hilton from alleging that the lease was altered by the parties thereto without his consent after the execution of the mortgage, and that the covenants therein on the part of the plaintiff were never performed; and, consequently, that no indebtedness of the lumber company and Parson to plaintiff ever accrued " *in accordance with the lease.*"

The lease, being the principal part of the recitals, shows that the indebtedness referred to did not exist at the date of the recital, and could be only such as might thereafter accrue in accordance with its terms.   Therefore, the averments that the lease was afterward altered, and that no indebtedness ever accrued *in accordance with its original terms*, are nowise inconsistent with the recitals in the mortgage.

I conclude that, as to the alleged indebtedness of $3,064 founded upon the written agreement called a lease, a foreclosure of the Hilton mortgage was properly denied by the trial court.   But I think the court erred in denying a foreclosure of the mortgage as a valid security for the payment of the promissory note for the sum of $650, and the conventional interest thereon. That note is entirely distinct from the so-called lease, and there is no pretense that it has been altered in any respect.   It appears that the consideration for it was a

loan by plaintiff of $650, and that no part of the principal or interest had been paid when judgment was rendered against the other defendants. "Where a surety is bound by one bond for the performance by the principal of two distinct things, and the contract is varied as to one of the things to be performed, the surety is discharged as to the matter concerning which the contract has been changed, but is not discharged from that as to which it has not been changed." (Brandt on Suretyship, sec. 398, and cases there cited.)

I think the cause should be remanded, with instruction to modify the judgment according to this opinion·

BRITT, C., and SEARLS, C., concurred.

For the reasons stated in the foregoing opinion the cause is remanded and the court below is instructed to modify the judgment in accordance with said opinion.

McFARLAND, J., HENSHAW, J., TEMPLE, J.