[Civ. No. 9907.   Second Appellate District, Division One.—November 29, 1935.]

ADELE McMANNUS, Respondent, v. TEMPLE ESTATE COMPANY (a Corporation) et al., Defendants; S. DU-PUY, Appellant.

Charles A. Thomasset for Appellant.

R. Dechter and B. L. Hoyt for Respondent.

ROTH, J., *pro tem.*—Respondent, as assignee of Baash-Ross Tool Company and as plaintiff, brought suit on a promissory note in the principal sum of $12,000 and a guaranty thereof. The note was executed by defendant Temple Estate Company, a corporation, hereinafter referred to as estate, and recited on its face that it "is secured by a declaration of trust covering real and personal property". The declaration of trust in question named a number of beneficiaries, all of whom were creditors of the estate, respondent's assignor being one of them. The other three defendants, of whom appellant Dupuy is one, executed a guaranty of the note. Appellant Dupuy alone was served. The action, the judgment rendered in favor of respondent herein, and the appeal therefrom has to do, therefore, with appellant alone.

It is shown without dispute that after the execution of the note, and of the trust deed given as security therefor, as well as the guaranty in which appellant participated, that an alteration was made in the trust deed by the written agreement of the trustor, trustee and beneficiaries of the declaration of trust, without the knowledge or consent of appellant. The alterations were made in the form of a written agreement to the declaration of trust which recited that because of unpaid, delinquent and accruing taxes, assessments and interest and trustor's inability to provide funds for the payment of the same, it would be necessary to raise approximately $6,000 to maintain in good standing the property covered by the declaration of trust. The amendment then provides for a loan of the amount required by the beneficiaries to the trustor in certain proportions, such several amounts to be evidenced by several notes executed by trustor in favor of the several beneficiaries, and secured by liens on the various parcels of property already in the trust. It was further stipu-

lated in the amendment that such several liens were to be prior and senior to the lien which had theretofore been created by the trust as security for the $12,000 note first mentioned.

The original deed of trust provided that "The Trustor, Temple Estate Company, shall have the right and power to borrow money and to secure the payment of any such loan together with interest thereon by a lien upon the trust property *subject and subordinate, however, to the indebtedness evidenced by the promissory notes described and mentioned herein,* and any prior loans or advances made by or to the Trustee for the Trust Estate, pursuant to the last preceding paragraph." (Italics ours.)

There can be no question that the amendment to the deed of trust, which gave priority to the new loans made over the $12,000 note guaranteed by appellant, was a material alteration. Such an alteration exonerates the guarantor. (Civ. Code, sec. 2819; *Parke & Lacy Co.* v. *White River L. Co.,* 110 Cal. 658 [43 Pac. 202].)

Respondent contends, however, that the clause in the declaration of trust which authorized the trustee "to loan or advance its own funds to the trust for any purpose connected with the operation, management, . . . or the administration of this trust not exceeding $10,000 . . . " and which permits the trustee a prior lien for such advance, is of such scope that had the trustee advanced the money to the trust instead of the creditor beneficiaries, as was the case, appellant would be in no worse position and that, therefore, the amendment was not a material alteration.

The fact is that the trustee did not make such advances, and respondent's contention that the appellant was not prejudiced because the money was borrowed from the creditor beneficiaries instead of being advanced by the trustee is not tenable. It is clear that the purpose of the creditor beneficiaries in executing the amendment was to preserve the property in trust until it could be marketed to more advantage. It is settled, however, that the parties to an obligation cannot materially alter its definite terms without a guarantor's consent, even though such parties in good faith believe it is to the guarantor's advantage to make the alteration. We are not required and under the law are not permitted to speculate whether the alteration benefits or injures the guarantor. It is enough that it is a material alteration of the terms of the

guaranty. (*Driscoll* v. *Winters,* 122 Cal. 65 [54 Pac. 387];
*Lasky* v. *Bew,* 22 Cal. App. 393 [134 Pac. 358]; *First Congregational Church of Christ, etc.,* v. *Lowrey,* 175 Cal. 124
[165 Pac. 440]; *Parke & Lacy Co.* v. *White River L. Co.,*
110 Cal. 658 [43 Pac. 202].)

The only other power in the declaration of trust urged
by respondent as a possible source of authority for the execution of the amendment in question is that which entrusts the
trustee with the "power to convey, bargain, sell, lease, . . .
mortgage, pledge and borrow money by note, deed of trust,
trust indenture, . . . in such manner, amount and cost as the
Trustee and George H. Woodruff the agent of the Trustor
. . . may deem advisable or for the best interests of this corporation . . . "

This clause has no application for several reasons. The
money was not loaned to the trustee with or without the consent of Woodruff. The agreement in the amendment is "to
advance and loan to the Temple Estate Company". There is
nothing which authorizes the trustee in the foregoing clause
assuming the money was loaned to the trustee, to make the
money borrowed pursuant to said clause a prior lien to the
debts originally listed in the declaration of trust.

The judgment is reversed with directions to the trial court
to modify its findings in accordance with the views herein
expressed, and to enter judgment in favor of appellant against
respondent.

Houser, P. J., and Doran, J., concurred.

A petition by respondent to have the cause heard in the
Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 27, 1936.