181      251
21 SC ¹375

# Phœnix Brewing Company *v.* W. E. Rumbarger, John G. Solomon and George B. McClelland, Appellants.

*Principal and surety—Change of original agreement—Delay.*

In general any act of a creditor which prevents a surety from insisting on the fulfilment of a contract as originally made, or which entitles the principal debtor to delay, is a ground of defense in an action against the surety; but in order to exonerate the surety it must appear that the original obligation was changed by a binding agreement, and the new contract must be such as would be a valid defense by the principal debtor to an action on the original agreement.

In an action against a surety upon a bond it appeared that the bond was conditioned that the principal should pay all accounts for beer and liquors purchased by him of the plaintiff in pursuance of a contract made and a course of dealing established " when and as often as the same may fall due, or when thereunto legally required." Nothing was due when the bond was given. The beer was purchased every few days, and payments on account were made from time to time. The debt steadily increased, and at the end of fourteen months amounted to a large sum. Without any agreement between the parties as to the amount due on the open account, the principal, without any request and wholly of his own motion, gave two judgment notes to the creditor for the balance that appeared from his books to be due. The receipt of the notes was not acknowledged and the notes were not credited on the plaintiff's books. At the end of three months payment of the whole account was demanded, but at the request of the principal, plaintiff waited until maturity of the second note, when judgment was entered on it and execution issued. *Held*, (1) that it must be presumed in the absence of any stipulation on the subject that it was contemplated by all the parties that there was to be an allowance of the usual credits; (2) that the court could not assume that the allowance of three or six months was unusual or unreasonable; (3) that there was no such giving of time to the principal debtor as to vary the contract and exonerate the sureties; (4) that there was no satisfaction or merger of the original debt by the acceptance of the judgment note.

*Liquor laws—Branding of barrels—Act of April 14, 1863—Principal and surety.*

In an action upon a bond given by a liquor dealer to secure the purchase money of liquors bought by him, the surety cannot object that there was no affirmative proof by the plaintiff that the second section of the Act of April 14, 1863, P. L. 389, requiring the branding of barrels and casks, had been complied with. If any defense in such case could be based upon the act, the burden of proof was on the defendants.

Argued April 20, 1897.  Appeal, No. 493, Jan. T., 1896, by defendants, from judgment of C. P. Clearfield Co., May T., 1895, No. 119, on verdict for plaintiff.  Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ.  Affirmed.

Assumpsit on a bond of suretyship.

The facts appear by the charge of the court by GORDON, J., which was as follows:

This is a suit by the Phœnix Brewing Company against W. E. Rumbarger, J. G. Solomon and George B. McClelland, for beer sold and delivered to them to the extent of the penalty, to wit: $1,000 and interest, of a certain bond entered into by said W. E. Rumbarger, principal, with George B. McClelland and J. G. Solomon as sureties, in favor of the Phœnix Brewing Company, dated the 2d day of February, 1893, in the said penal sum of $1,000, conditioned as follows: "The condition of this obligation is such, that if the above bounden W. E. Rumbarger, . . . . , their heirs, executors, administrators, or any of them, shall and do well and truly pay, or cause to be paid, unto the above named, the Phœnix Brewing Company, its successors or assigns, the just and full sum of accounts, moneys, claims, or demands which may at any time be due and owing to it by W. E. Rumbarger for beer or liquors sold and delivered by it to said Rumbarger, in pursuance of a contract or course of dealing established and entered into with him, when, and as often as the same may fall due, or when thereunto legally required, and shall properly care for and return all cooperage and barrels belonging to said obligee, without fraud or further delay, then this obligation to be void and of none effect, otherwise to be and remain in full force and virtue."

The evidence shows that in pursuance of the arrangement entered into between the Phœnix Brewing Company and W. E. Rumbarger, one of the defendants, and of the bond, the condition of which has just been read, they sold and delivered to him from February 9, 1893, until April 24, 1894, beer amounting to about $17,000; that payments were made on account, and the plaintiff claims that the balance now due and owing on said account is $1,176.76 according to its books, which have been offered in evidence.  But, in this case, it only seeks to recover

the sum of $1,000, with interest from the date of bringing suit, being the amount of the penalty of said bond with interest, and its counsel has stated in the presence of the court and the jury that so far as its claim of $176.76, the amount of its claim over and above $1,000, that it foregoes any right to collect the same in this account, so that it leaves the question simply as to its right to collect $1,000, with interest from the bringing of the suit, or nothing. The evidence further shows that, on June 28, 1894, William E. Rumbarger, by letter, which has been read in your hearing and offered in evidence, sent to the plaintiff his two judgment notes, one thereof for $729.72, due September 28, 1894, and the other thereof for $1,000, due December 28, 1894; that the first note falling due was paid some time after maturity, but the second one, to wit, of $1,000, due December, 28, default was made in the payment thereof; that the same, on presentation at the bank at which it was payable, was not paid, but was permitted by the maker to go to protest, and subsequently, to wit, on January 21, 1895, judgment was confessed by virtue of the warrant of attorney in that note and entered in the court of common pleas of Clearfield county, to No. 365, February term, 1895, for the principal, as follows, namely, $1,000 the debt, $2.00 protest fee, $50.00 attorney's commission, total $1,052, interest December 28, 1894. The evidence further shows that no part of this note of $1,000 has been paid, and the plaintiff claims the right to recover the amount thereof from the defendants, namely, from W. E. Rumbarger, the principal debtor, and his two sureties, by virtue of the bond which they entered into.

There are certain legal questions involved in this matter: first, it is claimed that the plaintiff cannot recover under the pleadings in the case. There are certain other legal propositions; second, that a certain act of assembly requiring certain inscriptions or stamping to be placed upon kegs or barrels of beer or other malt liquor has not been complied with, and on that account the plaintiff cannot recover; third, that on account of the extension of time given by the plaintiff in this case to W. E. Rumbarger, the sureties are released; fourth, because of the entering of the judgment note, obtaining judgment upon the note given. These are legal questions which are for the court exclusively, and it is competent for us to reserve them, and we have concluded to do so.

[The plaintiff in this case has presented certain points to us, under all of which it asks us to take the case from the jury and as a matter of law direct a verdict for the plaintiff for the sum of $1,000, with interest from February 20, 1895. It is admitted that the interest on this amount is $60.00, and the plaintiff, under these points, asks us to direct a verdict in its favor of $1,060, and we so instruct you to render a verdict. We will not pass upon these various points seriatim, but under all the points as presented we will direct a verdict for $1,060, reserving the legal questions.] [1]

[The defendants have presented the followed points:

1. Under the pleadings and evidence in the case there can be no recovery and the verdict must be for the defendants, the action being on the account and not on the bond.

2. It appearing from the evidence that the claim or basis of account is for malt liquors sold by a brewing company, and there being no evidence that said plaintiff complied with the second section of act of April 14, 1863, requiring the stamping and certificate therein pointed out, the plaintiff cannot recover.

3. The evidence disclosing the fact that the plaintiff accepted from W. E. Rumbarger, the principal, at the close of his account and when it was due and demandable, a judgment note extending the time of payment for a definite period, without the consent or authority of the sureties, said sureties are therefore discharged from liability, and the verdict must be for the defendants.

4. The evidence disclosing the fact that the plaintiff accepted a judgment note from W. E. Rumbarger for the same account in this suit, on which judgment was entered in this court to No. 365, February term, 1895, which is now in force, said judgment is a merger of the account sued upon in this case, and there can be no recovery here again on that account nor in this action.

5. There can be but one judgment between the same parties for the same cause of action, and the basis of this action being the account for which the note was taken and on which judgment was entered as aforesaid, the verdict must be generally for the defendants.

We refuse all of these points and reserve the legal questions raised thereby and submit the case to the jury on its merits for

their verdict, subject to our opinion on these reserved points, and we will put our reservation in writing upon the defendants' points and file them with the papers in this case.   We therefore instruct the jury to render a verdict in favor of the plaintiffs and against the defendants in the sum of $1,060.] [2]

Verdict for plaintiff for $1,060, upon which the court subsequently entered judgment.

*Errors assigned* were (1, 2) above instructions, quoting them.

*A. L. Cole* and *W. C. Pentz*, with them *H. A. Moore*, for appellants.—The plaintiff being a dealer in intoxicating liquors, was bound to comply with the second section of the Act of April 14, 1863, P. L. 389; Holt v. Green, 73 Pa. 198.

It has often been held that an action founded on a transaction prohibited by statute cannot be maintained although a penalty be imposed for violating the law, and it be not expressly declared that the contract was void: Mitchell v. Smith, 1 Binn. 118; Seidenbender v. Charles, 4 S. & R. 151; Swan v. Scott, 11 S. & R. 155; Columbia Bridge Co. v. Holdeman, 7 W. & S. 233; Thomas v. Brady, 10 Pa. 164; Scott v. Duffy, 14 Pa. 18; Holt v. Green, 73 Pa. 198; Thorne v. Travellers Ins. Co., 80 Pa. 15; Rahter v. First Nat. Bank of Lancaster, 92 Pa. 393.

There was such a contract of extension of Rumbarger's account by the acceptance of the note due six months hence as to discharge the sureties: Riddle v. Thompson, 104 Pa. 330; Clippinger v. Creps, 2 Watts, 48; Siebeneck v. Bank, 111 Pa. 187; Grayson's App., 108 Pa. 581; Blank v. Weber, 2 Walker, 205.

The plaintiff having accepted a note for the account, on which note judgment was entered against Rumbarger, the account is thereby merged in said judgment, and this suit or any other suit cannot be maintained on the account: Jones v. Ellison, 10 W. N. C. 205.

*Frank Fielding*, for appellee.—It is a presumption of law that every one has conformed to the law; and the burden of proof is on him who alleges the contrary: 1 Greenleaf on Evidence, sec. 35; Breiden v. Paff, 12 S. & R. 430; Horan v. Weiler, 41 Pa. 470; Rahter v. First Nat. Bank of Lancaster, 92 Pa. 393.

An agreement to give time, in order to discharge a surety,

requires a consideration to support it.   Mere forbearance, however prejudicial to the surety, will not discharge him : Brubaker v. Okeson, 36 Pa. 519 ; Ashton v. Sproule, 35 Pa. 495 ; Zane v. Kennedy, 73 Pa. 182 ; Miller v. Stem, 2 Pa. 288 ; United States v. Simpson, 3 Penrose & Watts, 440 ; Kindt's App., 102 Pa. 443 ; Day v. Leal, 14 Johnson, 404 ; Bangs v. Strong, 4 N. Y. 315.

An agreement under seal, accepted as collateral security, is not a merger of a simple contract debt ; and may be read in evidence to show the amount originally due : Wallace v. Fairman, 4 Watts, 378 ; Charles v. Scott, 1 S. & R. 293 ; Shaw v. First Reformed Presbyterian Church, 39 Pa. 226 ; Bank v. Potius, 10 Watts, 148 ; Hutchinson v. Woodwell, 107 Pa. 510 ; Buck v. Wilson, 113 Pa. 423.

In Clippinger v. Creps, 2 Watts, 48, the plaintiff and principal debtor, without the consent of the surety, entered into an amicable action before a justice of the peace in which the defendant confessed a judgment with a stay of execution for twelve months.   In Grayson's App., 108 Pa. 581, interest was paid on an overdue note from the date of its maturity to a date in the future, with a stipulation to extend the time of payment of the note to such future date.   In Siebeneck v. Anchor Savings Bank, 111 Pa. 187, an agreement was made for a definite extension of time to the maker of the note, upon consideration of interest paid in advance.   In Riddle v. Thompson, 104 Pa. 332, the creditor extended the time of payment by an arrangement with the defendant by taking a confession of the revival of a judgment with an extension of the time therein agreed to be given.   In Blank v. Weber, 2 Walker, 205, the creditor took from the debtor a judgment, without the consent of the surety, and gave for it a written receipt, stipulating therein for an extension of time clearly therein specified.

OPINION BY MR. JUSTICE FELL, May 17, 1897 :

The facts established by the evidence furnish no ground for the application of the theories on which the defense was based, even if it were conceded as argued by the appellants that the taking of a note payable at a future day for an existing debt implies prima facie an agreement to wait until the note matures, and discharges the parties secondarily liable for the payment of

the debt as sureties or guarantors, a proposition by no means in accord with our cases: See Shaw v. The Church, 39 Pa. 226; Hutchinson v. Woodwell, 107 Pa. 510; Buck v. Wilson, 113 Pa. 423. The right of the principal to postpone the fulfilment of the contract is at variance with that of the surety to demand its punctual performance or to perform it himself and sue for indemnity; and generally any act of the creditor which prevents the surety from insisting on the fulfilment of the contract as originally made or which entitles the principal debtor to delay is a ground of defense in an action against the surety. But in order to exonerate the surety it must appear that the original obligation was changed by a binding agreement, and the new contract must be such as would be a valid defense by the principal debtor to an action on the original agreement: Notes to Rees v. Berrington, 2 Leading Cases in Equity, 1906; U. S. v. Howell, 2 Am. Leading Cases, 472.

The bond on which the action was founded was not for the payment of any amount at a fixed time. It was of the nature of a bond of indemnity, and the condition was that Rumbarger, the principal in the bond, should pay all accounts for beer and liquors purchased by him of the plaintiff in pursuance of a contract made and a course of dealing established, " when and as often as the same may fall due, or when thereunto legally required." Nothing was due when the bond was given. It had reference to future dealings only, and its delivery was a condition precedent to the opening of the account. No contract as to the time within which payments were to be made was afterwards entered into, and none can be implied from the course of dealing between the parties. Beer was purchased every few days, and payments on account appear to have been made from time to time and without any fixed rule. The balance due steadily increased, and at the end of fourteen months it amounted to $1,700. Without an agreement between the parties as to the amount due on the open account, Rumbarger, without any request and wholly of his own motion, sent two judgment notes, one at three and one at six months, to the plaintiff, for the balance that appeared from his books to be due. The receipt of these notes was not acknowledged by the plaintiff, they were not credited on its books, and at the end of three months payment of the whole account was demanded; but at the re-

quest of Rumbarger the plaintiff waited until the maturity of the second note, when judgment was entered on it and execution issued.

As the bond was given to cover the amount of sales which might be made for an indefinite period in a continuing business, it must be presumed in the absence of any stipulation on the subject that it was contemplated by all the parties that there would be an allowance of the usual credits. But it is unnecessary to resort to presumptions, as by the terms of the bond there could be no default except by the failure of the principal to pay when due according to an express or implied agreement between him and the plaintiff. The allowance of credits usual under the custom of the business would not have varied the contract, and in the absence of all testimony on the subject the court could not assume that the allowance of three or six months was unusual or unreasonable. The notes were not given or accepted for a balance ascertained after all business arrangements between the parties had ended, which was then due and demandable. It is true that there were no sales after the dates of the notes, but when they were sent it was the expectation of the plaintiff, based on the representations of Rumbarger, that the business would continue. It cannot therefore be said that there was a satisfaction or merger of the original debt, or a giving of time to the principal debtor which varied the contract and exonerated the sureties.

The objection that there was no affirmative proof by the plaintiff that it had complied with the second section of the Act of April 14, 1863, P. L. 389, requiring the branding of barrels and casks in which liquors are sold and the giving of a certificate to the purchaser is without force. The act does not prohibit the prosecution of the business when its provisions are not complied with, but provides a separate penalty for a failure to observe them. The burden of proof, if any defense could have been based on the act, was with the defendants: Horan v. Weiler, 41 Pa. 470.

The judgment is affirmed.