## Austin Manufacturing Company, Appellant, *v.* Duerr.

*Contract—Principal and surety—Estoppel—Agreement to indorse notes.*
Where the general manager of a corporation at the time of purchasing machinery for his company, in response to a request from the vendor, wires that he will indorse the notes of the company given in payment for the machinery, and thereafter the vendor accepts cash for about four fifths of the purchase money, and retains without objection a note of the corporation without the general manager's indorsement, and receipts for the note in writing, the vendor cannot after the insolvency of the corporation hold the general manager liable for the amount of the note.

Argued Dec. 4, 1901. Appeal, No. 136, Oct. T., 1901, by plaintiff, from judgment of C. P. Northampton Co., June T., 1899, No. 31, on verdict for defendant in case of F. C. Austin Manufacturing Company v. H. O. Duerr. Before RICE, P. J., BEAVER, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit upon an alleged contract of suretyship. Before SCOTT, J.

The opinion of the Superior Court states the case.

The court gave binding instructions for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*W. S. Kirkpatrick*, with him *B. F. McAtee*, for appellant.—
The giving by the construction company of its unindorsed note

and retention thereof by the plaintiff was not an estoppel or waiver as to Duerr as matter of law, but such estoppel or waiver is a question of fact for the jury under all the circumstances in evidence : Penna. R. R. Co. v. Barnett, 59 Pa. 259 ; Johnson v. Bruner, 61 Pa. 58 ; Baker v. Westmoreland, etc., Nat. Gas Co., 157 Pa. 593 ; Reel v. Elder, 62 Pa. 308 ; Madara v. Eversole, 62 Pa. 160 ; Lehigh Coal, etc., Co. v. Evans, 176 Pa. 28 ; Lautner v. Kann, 184 Pa. 334.

*George W. Geiser*, for appellee.—The surety is discharged if the actual original contract between the creditor and the principal debtor varies in the slightest degree from that for which the surety had stipulated: Hibbs v. Rue, 4 Pa. 348 ; Nesbitt v. Turner, 155 Pa. 429 ; Schafer v. Farmers' & Mechanics' Bank, 59 Pa. 144.

OPINION BY WILLIAM W. PORTER, J., March 14, 1902 :

The plaintiff company sold to the Lehigh Construction Company certain machinery. A representative of the former company held a conversation with the defendant (who was general manager of the latter company), in which the machinery to be delivered, the price and the terms of payment were discussed. Duerr, the defendant, desired for his company an extended credit for the whole purchase. Shortly thereafter the plaintiff company wired acceptance of the order provided the commercial credit of the construction company were found satisfactory. A week later the plaintiff company wired : " Have not received full reports as yet, but if your Mr. Duerr will endorse notes personally, which in view of unusual terms asked we think is not an unreasonable request, will make shipment." To this, on the same day, the defendant personally replied by wire : " Your telegram received. I will endorse notes." Here the minds of the parties to the transaction met in a concluded arrangement.

When four fifths of the machinery were delivered, Duerr, acting as treasurer, sent a check to the plaintiff company, deducting three per cent for cash for an amount covering all the machinery then delivered. This was a change in the terms of payment acceptable to the plaintiff company. The balance of the machinery having been delivered, Duerr, as treasurer of

the construction company, forwarded a promissory note of that company to the order of the plaintiff company for the balance of the moneys due. This note was dated November 18, 1897, at nine months, and was accompanied by a letter requesting signature to an enclosed receipt. On December 10, 1897, and again on January 4, 1898, the construction company in writing called the attention of the plaintiff company to the failure to return the receipt. On January 10, 1898, the plaintiff company replied by letter to the construction company, saying in part: "Referring to the settlement we had the pleasure of receiving from you Nov. 18, as requested we herewith return properly executed the receipt. Pardon us for not attending to this matter before. We observe the deductions you have made and we have credited your account with the items in accordance with the statement rendered." Then follows a query as to a small cash item of deduction, and the expression of the hope of doing further business with the construction company.

On January 19, 1898, the plaintiff company was informed by the construction company of the assignment by the latter for the benefit of creditors. By letter of January 24, 1898, the plaintiff company acknowledged the receipt of the information, and incidentally, and for the first time after the terms of payment had been changed and after acceptance of a settlement on the basis thereof, expressed their intention to hold Duerr personally on his promise to endorse the notes of the construction company. The language used is: "As to the amount due us on note due August 16, 1898, $726.90, you know we have your personal guarantee, your telegram of August 14, '97, being attached to this note."

The form of this action against Duerr is for damages for failure to fulfil his promise to indorse the notes of the construction company, as provided by the terms of the original contract. The substance of the action is for damages for failure to indorse the one note given. The court below directed a verdict for the defendant. There was some oral testimony taken under deposition, and some before the jury. This testimony, however, does not raise any contradictions which required the submission of the case to the jury. The defendant's position is that by the payment and acceptance of cash for about four fifths of the purchase; by the retention without objection of the note of

the construction company without Duerr's indorsement; by its form to the order of the plaintiff company, showing the intention not to furnish Duerr's indorsement; and by the acceptance in writing of the note as a settlement,—the terms of payment provided by the original contract were changed, and that thereby Duerr was relieved from his promise to indorse the note of the construction company under the original agreement. The position taken by the defendant is sustainable. Should he be regarded as one of the original parties contracting for the purchase, there would be good reason for holding that the terms of payment were not only changed, but, as changed, were performed, and accepted as performed. But the defendant while agreeing to become a first indorser upon the notes of the construction company, was, within the knowledge and intention of the parties, certainly no more than a surety. Indeed, there is nothing to show that he in fact became a surety,—his agreement being only to do that which might create liability on his part. He had no interest as an individual in the purchase of the machinery. The correspondence demonstrates this. The plaintiff company's own letter of January 24, 1898, speaks of Duerr's obligation as a " personal guarantee." If Duerr was a surety he was such only upon the contract as originally closed and for the terms of payment there agreed. These terms were materially changed. A change, even if beneficial to the surety, works release: Nesbitt v. Turner, 155 Pa. 429. But acceptance of the cash and note, and silence thereafter by the plaintiff company until assignment by the construction company, was, as to Duerr, such conduct as should equitably estop the plaintiff company from succeeding in their present demand, since it misled Duerr to his prejudice and induced the belief that he was relieved from his promise, and prevented him from seeking, if not securing, from the construction company indemnity for his promise made in their behalf. Thus, if Duerr did not know and accede to the change in the original contract, he was released. If he knew (and he beyond doubt did know), he is protected by the acts and writings of the plaintiff company which estop them from asserting a liability upon the original contract.

The judgment is affirmed.