# Mattern *v.* Decker.

*Principal and surety—Judgment note—Extension of time—Discharge of surety—Principal and agent—Banks and banking.*

1. A judgment entered against a surety on a judgment note will be opened, where it appears that when the note was about to become due, notice of that fact was given to both principal and surety, that the latter gave verbal instructions to the payee to proceed and collect the note from the principal, that instead of doing this the payee without the knowledge or consent of the surety, on five different occasions, extended the time of payment at the instance of the principal alone, who on each occasion paid in advance a valuable consideration for such extension,

and that by reason of these extensions the note was carried along for about fifteen months after it had become due according to its terms.

2. In such a case where it appears that the note in question was given to a private bank owned by a single person, the business of which was conducted by another known as the cashier, the owner of the bank cannot claim that the cashier was without authority to grant the extension, where it appears that the cashier was the sole agent and representative of the owner in all matters relating to the business of the bank, that he made the loan in question on his own judgment, and that no part of the remuneration which the bank received for the several extensions had ever been returned or offered to be returned.

Argued Oct. 27, 1914. Appeal, No. 8, Oct. T., 1914, by Samuel Whitsel, from order of C. P. Huntingdon Co., May T., 1913, No. 85, discharging rule to open judgment in case of R. J. Mattern, Assignee of Julia T. Glazier in trust for her creditors, *v.* C. W. Decker and Samuel Whitsel. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Reversed.

Rule to open judgment. Before WOODS, P. J.

The facts are ·stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*Howard L. Henderson,* for appellant.—When a creditor makes an agreement, without the consent of the surety, by which he disables himself from bringing suit, he acts against equity and ought not to hold the surety responsible: Bauschard Co. v. F. & C. Co., 21 Pa. Superior Ct. 370; Hull v. Weaver, 48 Pa. Superior Ct. 290; Bitler's Est., 30 Pa. Superior Ct. 84; Riddle v. Thompson, 104 Pa. 330; Grayson's App., 108 Pa. 581.

Assuming that the cashier had no authority, the acceptance of the interest or discount, and the bringing of suit on the note is a ratification of the acts of the cashier: Chicago Cottage Organ Co. v. McManigal, 8 Pa. Superior Ct. 632; Goldbeck v. Kensington Nat.

Bank, 147 Pa. 267; Mundorff v. Wickensham, 63 Pa. 87; Benjamin v. Holgate, 51 Pa. Superior Ct. 104; Mutual Trust Co. v. Stern, 235 Pa. 202; Penn. N. Gas Co. v. Cook, 123 Pa. 170; Papajian v. Scott, 47 Pa. Superior Ct. 126.

*James S. Woods,* for appellee.

OPINION BY HEAD, J., February 24, 1915:

This appeal comes from an order of the learned court below discharging a rule to show cause why a judgment, entered by warrant of attorney, should not be opened. The petitioner, appellant, was the surety on a note given to C. H. Glazier to secure the payment of a loan of $50.00 made to one Decker, the principal debtor. The note was dated February 21, 1910, and matured in ninety days thereafter. When it was about to become due, notice of that fact was given to both principal and surety. The latter gave verbal instructions to the payee to proceed and collect the note from the principal. Instead of doing this, the payee, without the knowledge or consent of the surety, and in opposition to the instruction just referred to, on five different occasions, extended the time of payment at the instance of the principal alone, who on each occasion paid in advance a valuable consideration for such extension. By reason of these repeated extensions the note was carried along for about fifteen months after it had become due under the terms of the obligation signed by the surety. All of these matters of fact are established by evidence as to which there is no denial.

In Bauschard Co. v. Fidelity, etc., Co., 21 Pa. Superior Ct. 370, this court, speaking by Judge W. W. PORTER, said: "It is a rule well established that the surety shall not be bound beyond the extent of his engagement, which appears from the very terms of the contract and the nature of the transaction to have been in contemplation at the time of entering into it, and that his liability

cannot without his consent be extended, enlarged or varied, either by the obligee or by operation of law (cases cited). The right of the principal to postpone the fulfillment of the contract of suretyship is at variance with that of the surety to demand its punctual performance." Why do not the facts we have already stated bring the case within the operation of the legal principle just referred to and exhibit, prima facie at least, a sound legal defense available to the surety.

It appears that a private banking business was carried on in the borough of Huntingdon by Mrs. Julia T. Glazier. So far as the evidence discloses, she was the sole owner of the business. But it is not denied, in the brief testimony taken, that she gave no personal attention whatever to the business. It was, in all of its details, transacted by her representative, C. H. Glazier, the payee in the note in question. Now it is argued that because he was called the cashier of the bank, he was without authority to release the surety on a debt due to his own principal, the owner of the bank. Whilst we may concede that such a rule might be applicable to corporate banks where the cashier was subordinate to general executive officers and to a board of directors, we do not think it could be properly applied under the facts thus far presented by this record. The man who transacted the business of the bank, not only in this particular case, but apparently in all others, was the sole agent and representative of the owner. There were no superior officers and there was no board of directors to supervise his work. So far as the extent of his real authority may be measured by its apparent scope, he was empowered to transact every kind of business that would ordinarily be done across the counters of such a bank. He made the loan in question on his own judgment. If he chose to make a new loan to the principal on this note without any surety, it is not easy to see why such act would be beyond the apparent scope of his powers. No part of the remuneration which the bank received for the

several extensions of time mentioned has ever been returned or offered, but all of it has been retained by the bank. How can the profits resulting from these acts be retained by the owner while she at the same time repudiates the acts of the agent which resulted in such profit?

We are of opinion, as the case was presented to the learned judge below, the appellant surety had made out a prima facie case entitling him to relief. The rule therefore should have been made absolute so that he might avail himself of such defense unless or until it should be overthrown by further evidence adduced on the trial.

The order discharging the rule is reversed and set aside and the rule is now made absolute and a procedendo awarded. The costs of this appeal to be paid by the appellee.