## Cancelmo's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Robert P. Shick,* for petitioner; *Ladner & Ladner,* contra.

HENDERSON, J., October 28, 1932.—The Citizens Bank and Trust Company of Tampa, Fla., was granted leave to take depositions in Florida in support of its claim upon entering security in the sum of $1000, conditioned "that said claimant shall pay any sum that may be assessed against it for costs and expenses involved, including a reasonable counsel fee and traveling expenses."

At the audit of the second account the claim of the bank was proven and allowed, and counsel for the executor requested an allowance of $750 for its expenses and counsel fee incurred in taking the aforesaid depositions. The auditing judge refused the allowance by way of set-off against the bank on the ground that he had no jurisdiction. No exception was taken to this ruling.

The executor took an appeal to the Supreme Court, where the action of this court in allowing the claim was affirmed at the costs of the appellant [308 Pa. 178].

The claimant then secured an order to pay, and the executor filed an answer seeking to set off its claim for $750, its costs and expenses in connection with the taking of the claimant's depositions in Florida.

The claimant then filed its motion to strike off the answer, and this motion is now before us for action.

The executor, at least so far as this claimant is concerned, has had his day in court, and as he failed to file exceptions to the ruling of the auditing judge, he may not now set off his claim against the award in favor of the bank.

Under such circumstances, the rule is clear, and was well stated by Judge Gest in Brown's Estate, 23 Dist. R. 984:

"When an order to pay is granted by this court, based upon a previous award, there can be no answer to it except such as is based upon matters that have subsequently arisen."

The motion to strike off the answer is granted, and the order to pay may be enforced.