74          COURT OF APPEALS OF WEST VIRGINIA.

July Term,      Morehead vs. Parkersburg National Bank.        1871.

# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## WILLIAM H. MOREHEAD vs. PARKERSBURG NATIONAL BANK.

### July Term, 1871.

A material alteration of a promissory note, such as, for instance, changing it to a negotiable note, without the knowledge or consent, either express or implied, of the promissor, vitiates it, although it may be in the hands of an innocent holder.

Action of debt, in the circuit court of Wood county, declaration filed August rules, 1869.  Judgment for plaintiff, October, 1869.

A statement of the material matters involved appears in the opinion of Maxwell, J.

The defendant brought the case here for review.

*J. M. Jackson* for plaintiff in error.
*Okey Johnson* for defendant in error.

MAXWELL, J.  The plaintiff brought an action of debt in the circuit court of Wood county, against William H. Morehead and James N. Wilkins, to recover the amount of a supposed negotiable note, executed by the said Morehead to the said Wilkins, and by him endorsed to the plaintiff.  Neither party requiring a jury to try the issues in the cause, the court in lieu of a jury, heard the evidence and rendered a judgment for the plaintiff against Morehead, for the amount claimed in the declaration, Wilkins not being before the court.  Morehead thereupon moved the court to set aside the judgment endered against him, and grant him a new trial in the premises, on the ground that the said judgment was contrary to the law, and the evidence heard at the trial ; which motion

the court overruled and gave to the defendant a bill of exceptions, in which was certified all the facts proved on the trial. The appeal is from the judgment of the court refusing a new trial. It appears from the bill of exceptions that the note sued upon and in evidence on the trial, was as follows:

PARKERSBURG, WEST VA., July 1, 1868.

[$250.]

Nine months after date I promise to pay to J. N. Wilkins, or bearer, the sum of two hundred and fifty dollars, with interest at six per cent, from date, until paid, for value received, payable at Second National Bank, Parkersburg, W. Va.

WILLIAM H. MOREHEAD.

[U. S. stamp, 15 cents.]

Endorsement on back of note—James N. Wilkins; and regularly protested for non-payment at maturity. It was proved that the plaintiff had bought said note in the usual course of trade, and that it came to plaintiff's hands in exactly the words and figures in which it was at the time of the trial, and that it was bought by said plaintiff before maturity. The defendant then proved by himself that the said note was not the note executed by him, but that the same had been altered from a common promissory note to a negotiable note, without his knowledge or consent; that said note was given in part payment for a patent right for a well bucket, and that at the time the said note was given to the payee named therein, who had sold to the defendant said patent right, he wanted him to execute a negotiable note for the amount, and that the defendant, Morehead, positively refused to do so, and that the note was then filled up by the payee named therein, it being a printed note down to and including the words "payable at," and the words "Second National Bank" were filled in after the words "payable at," by some one, and that, too, after said note was signed and delivered, and without the knowledge, instance or consent of the defendant, and that the handwriting is the same as the rest of the handwriting in the body of the note; and thus the said note was made negotiable instead of a mere promissory note. It was further proved by another witness, that the payee, or some other person holding said note, had offered to sell the same after its execution and delivery aforesaid, and that it was then a promissory note, and that the party declined to purchase the same because it was not a negotiable note, but a promissory note. It was further proved by said witness that the consid-

eration of said note had wholly failed; that the party was not the owner of what he pretended to sell said defendant, for which said note was given, and that by reason of the change in said note to negotiable paper, he was not permitted to set up and prove the failure of said consideration against the said plaintiff.

There was evidence showing that the defendant had advertised the failure of the consideration for which the note was executed, and some other evidence not material to the inquiry now before us. It is insisted for the bank, upon this state of facts, that the defendant is liable to pay the negotiable note in the record set forth, because the same was acquired by the plaintiff as a bank in the usual course of business, for value, and in good faith, even if the endorser, Wilkins, obtained the same from Morehead unlawfully and by fraud. The first case cited to sustain this position, is the case of *Raphael* vs. *The Bank of England*, 33 Eng. Law and Eq. Rep., 276. In this case it was held that a party taking a negotiable instrument, *bona fide*, and for full value, is entitled to recover on it, though it has been stolen, and he took it negligently. There was no question as to the genuineness of the note in this case, but the only question was as to the liability of the defendant on the note which had been stolen, and passed to the plaintiff, who was an innocent holder thereof for value. The next cases cited are those of *Swift* vs. *Tyson*, 16 Peters, 1, and *Goodman* vs. *Simonds*, 20 Howard, 363. The court, in the case of *Goodman* vs. *Simonds*, re-examines the case of *Swift* vs. *Tyson*, and repeats what was therein held, that a *bona fide* holder of a negotiable instrument for a valuable consideration, without notice of facts which impeach its validity between the antecedent parties, if he takes it under an endorsement made before the same becomes due, holds the title unaffected by these facts, and may recover thereon, although, as between the antecedent parties, the transaction may be without any legal validity. There was not in this case any question as to the proper execution of the paper, but the question was as to the consideration for which it was executed. These cases clearly establish the position maintained by the counsel for the bank, provided the contract upon which, or the consideration for which, the note is made or executed, is the question.

It is claimed by the counsel for the bank that if a paper is signed in blank, and endorsed, it may be filled up by the holder either as a common promissory note or a negotiable note, and the person who thus signs and endorses it in blank, will be liable to the holder thereof for value. This is true as a general proposition, but there must always be either an express or an implied authority for it.

The counsel for Morehead insists that the alteration made in the paper in this case, after it passed from the hands of Morehead, is a material alteration; that it was made without his authority, either express or implied, and that it is therefore void as to him. A material alteration without the assent of the party to be affected by it, renders the instrument void as to him. *Burham* vs. *Ayer,* 35 N. H. Rep., 351; 2 Parsons on Notes and Bills, p. 544. In the case of *Tidmarsh* vs. *Grover,* 1 Maule and Selwyn, 735, where the drawer of a bill of exchange, accepted, payable at Bloxams & Co.'s, endorsed it to plaintiff, erasing the name of Bloxams & Co., and substituting Esdaile & Co., in lieu thereof, without the knowledge of the acceptor, it was held that the plaintiff could not recover against the acceptor. In the case of *Cowie* vs. *Holsoll,* 6 Eng. Com. Law Rep., 449, a bill of exchange having been accepted payable generally, the drawer, without the consent of the acceptor, added the words, "payable at Mr. Bidlake's, 48 Cheswell street," it was held this was a material alteration, and that the acceptor was thereby discharged. In the case of *Burchfield* vs. *Moore,* 25 Eng. Law and Eq. Rep., p. 123, where a bill of exchange was, without the privity of the acceptor, altered by inserting the words, "payable at the Bullhead, Aldgate," and afterwards endorsed to the plaintiff for value, who took it *bona fide,* and without knowledge of the alteration, it was held that this was a material alteration, which discharged the acceptor. In the case of *Oakey* vs. *Wilcox,* 3 Howard Miss. Rep., 330, it was held that, if after a note has been delivered to the payee, a particular place of payment be inserted therein by interlineation, without the maker's consent, he will be discharged. In the case of *Nazro & Green* vs. *Fuller & Patterson,* 24 Wendell, 374, it was held that an alteration of a promissory note by the payee thereof, so as to make it purport to be payable at a particular place, vitiates

it in the hands of an endorser, so that he cannot recover upon it in an action against the maker.

It is manifest from the facts proved in this case, that the promissory note executed by Morehead was changed, by the insertion of the words inserted, so as to make it a negotiable note, without his knowledge or consent, either express or implied. That it is a material alteration, is abundantly shown by the authority of the foregoing cases. This court should, therefore, reverse the judgment of the court below, with costs to the appellant, and should enter here the judgment which the court below should have rendered, which is that judgment be for the defendant.

The other judges concurred.

JUDGMENT REVERSED.