## Moorehead *versus* Duncan. Appeal of the First National Bank of Mt. Pleasant.

1. A bond of indemnity given to an accommodation endorser conditioned upon the payment of certain notes or a single renewal of them, does not cover subsequent renewals.

2.. In such case, where the notes were renewed twice, the lien of a judgment upon the bond, even if good between the parties to it, by an agreement between them to that effect, is postponed to the lien of a mortgage upon real estate bound by the judgment, given by the defendants in the judgment before the second renewal of one of the notes and on the day of the second renewal of the other.

October 27th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

[Appeal of the First National Bank of Mt. Pleasant.]

Appeal from a decree of the Court of Common Pleas of *West-moreland county* : Of October and November Term 1876, No. 106

John Duncan endorsed certain accommodation notes of William and Henry Duncan, to the First National Bank of Mt. Pleasant, and received from them an indemnity bond in the sum of $10,000, conditioned upon the payment of these notes or a single renewal of them. The notes were renewed several times, and afterwards judgment was entered upon this bond in favor of John Duncan. Before the second renewal of one of these notes, and on the day of the second renewal of the other, William and Henry Duncan mortgaged the real estate bound by the judgment to the People's Savings Bank of Pittsburgh. On the same day John Duncan released the lien of his judgment on the property mortgaged in favor of the mortgagee. This real estate was afterwards sold by the sheriff, and this case arose upon exceptions to the report of the auditor appointed to distribute the proceeds of the sale. The auditor gave the priority in payment to the Mt. Pleasant Bank, which claimed under the judgment of John Duncan upon the bond of indemnity. The court below set aside the report, and awarded payment first to the Savings Bank. From this decree the Mt. Pleasant Bank appealed.

*Cowan & Marchands*, for the appellant.—The second renewals were not "novations" of the debts, because that depends on intention : Story's Pr. Notes, § 438. A distinction exists between the *evidence* of a debt and the debt itself : Cover *v.* Black, 1 Barr 493. The People's Bank had notice of the existence of the debt from the existence of the judgment and from the fact that the only note surrendered at the time of the mortgage was marked "renewed," not *paid.* Besides, they relied entirely upon the release of the lien of this judgment by John Duncan.

*G. P. Hamilton*, for the appellee.

Mr. Justice PAXSON delivered the opinion of the court, October 30th 1876.

William and Henry Duncan gave their judgment bond to John Duncan to indemnify him for his liability as endorser upon certain promissory notes of the former. By the condition of the bond, the notes were to be renewed once, and if then paid at maturity, the bond was to be void. The renewed notes were not paid at maturity, but were again renewed, and the old notes given up. Did the judgment remain as a security for the second renewal ? This is the main question in this cause. We have no doubt as between the parties it was competent by agreement to extend the lien of the judgment so as to cover the subsequent renewals. If that was their understanding we see no reason why it might not be good as to them. But prior to the second renewal of one of the notes, and

on the day of the renewal of the other, the Messrs Duncan gave to the People's Savings Bank of Pittsburgh, appellee, their mortgage on the real estate bound by the judgment, for the sum of $3000. A mortgagee is a purchaser. As against a purchaser the lien of the judgment could not be extended to cover a renewal of the notes maturing upon the first renewal. The receipt of the new notes and the surrender of the old ones was an extinguishment of the latter. It is said in Story on Bills, sect. 441 : "Another mode of extinguishment familiarly known in the French law, and also in our law, is by a novation, which is a substitute of a new debt for an old one ; as, for example, the substitution of a new bill in lieu of, and taking up, the old bill. Pothier lays it down as unquestionable that a novation operates as a clear extinguishment, and is equally applicable to bills of exchange, as it is to ordinary contracts." Here the old notes delivered up were endorsed "received new note for this one, at four months." This endorsement, so far from weakening the position that this was a novation, tends to strengthen it. The new note was received *for* the old one, and the latter thereby became extinguished. It is unnecessary, however, to elaborate this case. It is fully covered by Ayers *v.* Watson, 7 P. F. Smith 360, where it was distinctly said by Justice SHARSWOOD, that "it is plain that the mortgage, in law as well as in equity, was not a security for the renewal notes." In that case there was the equity of a surety. Here, there is the equity of a bonâ fide purchaser; as against neither could the condition of the bond be extended.

Judgment affirmed.