[L. A. No. 77.   Department Two.—May 25, 1896.]

## J. RAND PELTON, RESPONDENT, v. SAN JACINTO LUMBER COMPANY ET AL., APPELLANTS.

ACTION UPON PROMISSORY NOTE—DEFENSE—MATERIAL ALTERATION—PLACE OF PAYMENT—DISCHARGE OF SURETIES.—Where no place of payment is designated in a note executed in this state, it is payable only in this state, and, where a note so drawn, after being indorsed, was altered so as to make it payable at a designated bank in the state of New York without the knowledge or consent of the indorsers, the alteration of the note is material, and will discharge the indorsers whether they be considered as indorsers or guarantors.

ID. — STOCKHOLDERS AS SURETIES FOR CORPORATIONS. — The fact that the altered note was given by a corporation, and that the indorsers were stockholders in the corporation, does not affect the rule that they are discharged from liability on the note by a material alteration of it without their consent, and the fact that they were indirectly benefited in proportion to the stock owned by them at the time of the loan is immaterial, where they are sued upon the note, and not upon their statutory liability.

ID.—ALTERATION MADE BY AGENT OF CORPORATION — LIABILITY OF CORPORATION.—The corporation cannot avail itself of the defense of a material alteration of the note as to place of payment, when such alteration was made by the agent of the corporation before delivery of the note to the payee.

APPEAL from a judgment of the Superior Court of the County of Los Angeles.   W. H. CLARK, Judge.

The facts are stated in the opinion.

*Wilson & Bulla*, for Appellants.

The alteration of the note was material and imposed a burden upon the maker and sureties, which did not otherwise exist.   (Civ. Code, secs. 1489, 3100; 1 Greenleaf on Evidence, sec. 565; Tiedeman on Commercial Paper, sec. 394; Chitty on Bills, 203; 24 Am. & Eng. Ency. of Law, 842; *Woodworth* v. *Bank of America*, 19 Johns. 391; 10 Am. Dec. 239; *Pahlman* v. *Taylor*, 75 Ill. 629; *Trigg* v. *Taylor*, 27 Mo. 245; 72 Am. Dec. 264; *Hill* v. *Cooley*, 46 Pa. St. 259; *Morehead* v. *Parkersburg Nat. Bank*, 5 W. Va. 74; 13 Am. Rep. 636; *White* v. *Haas*, 32 Ala. 430; 70 Am. Dec. 548; *Oakey* v. *Wilcox*, 3 How. (Miss.) 330; *Nazro* v. *Fuller*, 24 Wend. 374; *Bank of Ohio*

*Valley* v. *Lockwood,* 13 W. Va. 392; 31 Am. Rep. 768; *Townsend* v. *Star Wagon Co.,* 10 Neb. 615; 35 Am. Rep. 493.) Any material alteration of a note without the consent of the sureties, or of any parties sought to be charged, extinguishes their liability even against an innocent payee or holder. (2 Parsons on Contracts, 716, 717; 9 Am. & Eng. Ency. of Law, 81; *Wilde* v. *Armsby,* 6 Cush. 314; *Britton* v. *Dierker,* 46 Mo. 591; 2 Am. Rep. 553; *Draper* v. *Wood,* 112 Mass. 315; 17 Am. Rep. 92; *Greenfield Sav. Bank* v. *Stowell,* 123 Mass. 196; 25 Am. Rep. 67; *McGrath* v. *Clark,* 56 N. Y. 34; 15 Am. Rep. 372; *Lisle* v. *Rogers,* 18 B. Mon. 528; *Aldrich* v. *Smith,* 37 Mich. 468; 26 Am. Rep. 536; *Ætna Nat. Bank* v. *Winchester,* 43 Conn. 391; *Trigg* v. *Taylor, supra; Morehead* v. *Parkersburg Nat. Bank, supra; Bank of Ohio Valley* v. *Lockwood, supra; White* v. *Haas, supra; Oakley* v. *Wilcox, supra; Cowie* v. *Halsall,* 4 Barn. & Ald. 197; *Rex* v. *Treble,* 2 Taunt. 328; *Tidmarsh* v. *Grover,* 1 Maule & S. 735; *Sudler* v. *Collins,* 2 Houst. 538; *Burchfield* v. *Moore,* 25 Eng. L. & Eq. 123; *Mackintosh* v. *Haydon,* Ryan & M. 362; *Wood* v. *Steele,* 6 Wall. 80; *Angle* v. *Northwestern Mut. Life Ins. Co.,* 92 U. S. 330; *Mersman* v. *Werges,* 112 U. S. 141; Civ. Code, sec. 2836; *Goodman* v. *Eastman,* 4 N. H. 462; *Ætna Nat. Bank* v. *Winchester, supra.*) While the San Jacinto Lumber Company received the benefit of the note, it did not authorize the contract that was in fact sent to plaintiff, and it cannot be held liable on a contract that it did not make.

*Anderson & Anderson,* for Respondent.

As the four sureties were stockholders in the company, and received some benefit from the loan, they are in a different position from mere accommodation indorsers or sureties, and they should be estopped from claiming that they are released by this act of their cosurety and agent, with which the plaintiff had nothing to do, and by which they were not injured in any way. As the instrument sued on provides for attorney's fees, it is not negotiable, and an alteration in a non-negotiable

instrument changing the place of payment is not so material as to release sureties. (*First Nat. Bank* v. *Babcock*, 94 Cal. 104; 28 Am. St. Rep. 94.) Having received plaintiff's money on the note and used it, the defendant corporation is certainly estopped to deny the authority of its president to deliver the note in the form that plaintiff received it.

VANCLIEF, C.—This appeal is from a judgment on a promissory note made by the San Jacinto Lumber Company to the plaintiff, and alleged to have been indorsed by the other appellants, and by M. T. Winton and D. M. McDonald, who are also defendants.

The defense pleaded by appellants is, that the note was materially altered without their knowledge or consent after it was signed by the corporation and indorsed by the other appellants, but before delivery to plaintiff.

The appeal is upon the judgment-roll without a bill of exceptions, and the only matter in controversy is whether or not the findings of fact by the court warrant the judgment against appellants.

The pertinent facts found are substantially as follows:

On May 21, 1890, the corporation defendant was about to obtain a loan of two thousand one hundred dollars from the plaintiff, who then resided in the state of New York, and to secure the payment of such loan was to make its promissory note with indorsers. The note was drawn and signed at Los Angeles, California, May 1, 1890, by the corporation, through the agency of its president, M. T. Winton, and its secretary, F. M. Caswell, and immediately thereafter was indorsed by the appellants, Caswell and Fuller, and left with the president, Winton, for the purpose of procuring additional indorsers. As thus signed by the corporation and indorsed by Caswell and Fuller the note was payable six months after date, but no place of payment was designated therein. Afterward, in the absence of Caswell and Fuller, and without their knowledge or consent, Winton altered the note so as to make it payable "at

the Ilion National Bank, Ilion, N. Y."; and, after so altered, the note was indorsed by Winton and D. M. McDonald, and by them sent to plaintiff in New York, who thereupon loaned to the defendant said sum of two thousand one hundred dollars, without notice of said alteration of the note.   The note contained a clause requiring the payment of attorney's fees in case of suit thereon.   All the indorsers of the note were stockholders in the corporation defendant, before and at the time each indorsed the note, but it does not appear how much stock either of them owned.

At the maturity of the note it was presented for payment at the Ilion Bank, New York, and payment demanded, but was not paid; and thereupon was duly protested for nonpayment, of all which due notice was given to the indorsers.

When the case came on to be tried it was dismisesd as against Winton, but for what reason does not appear; but a joint judgment was rendered against all the other defendants for the full amount of principal and interest of the note.   The defendant, McDonald, has not appealed.

That the alteration of the note was material, and such as would discharge sureties, whether indorsers or guarantors, is unquestionable.   Before the alteration, and as indorsed by Caswell and Fuller, the note, whether negotiable or not, was payable only in this state (Civ. Code, secs. 1489, 3100); but, after the alteration, it was payable only at a designated bank in the state of New York, unless the payee elected to accept payment elsewhere.   ( *Woodworth* v. *Bank of America,* 19 Johns. 391; 10 Am. Dec. 239, and notes 267; *Pahlman* v. *Taylor,* 75 Ill. 629; *Morehead* v. *Parkersburg Nat. Bank,* 5 W. Va. 74; 13 Am. Rep. 636; Tiedeman on Commercial Paper, sec. 394; 1 Greenleaf on Evidence, sec. 565; Brandt on Suretyship, secs. 381–90.)

These propositions, as general rules, are not controverted by counsel for respondent, but they contend that by reason of the circumstance that Caswell and Fuller

were stockholders of the corporation defendant, and, by virtue of that relation, would be indirectly and incidentally benefited by the loan, they are not entitled to the favor accorded by law to uninterested sureties. But to this point they have cited no authority, and I have found none.

Conceding that Caswell and Fuller were indirectly benefited, the benefit could have been only in proportion to the stock owned by them at the time of the loan, and to that extent they were made personally liable by force of section 322 of the Civil Code, *independently of any contract.* But they are not sued on their statutory liability. The pleadings do not show even that they were stockholders; and the mere finding that they were so is of no consequence in this action, since a judgment in their favor in this action cannot affect their statutory liability. They are sued on an alleged contract which, according to the findings of fact, they never executed. The proposed contract indorsed by them was never completely executed for want of delivery to plaintiff. (Brandt on Suretyship, sec. 388.) It follows, I think, that the findings of fact do not warrant the judgment against either Caswell or Fuller.

But, as I read the findings, the president of the corporation was authorized to negotiate the loan and to secure it by the corporation note, with indorsers; that, accordingly, he drew the note and delivered it to the plaintiff in the form described in the complaint, that being an ordinary form; that the plaintiff accepted the note and loaned the money to the corporation thereon in good faith; and that the alteration complained of by the first indorsers was made by the agent of the corporation before delivery of the note to plaintiff. Upon this state of the facts, I think the alteration of the note is not available to the corporation as a defense to the action.

I think the judgment against the San Jacinto Lumber Company should be affirmed, but as against the defendants Caswell and Fuller that it should be reversed; and

that the court below should be instructed to modify the judgment accordingly.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment against the San Jacinto Lumber Company is affirmed, but as against the defendants Caswell and Fuller it is reversed; and the court below is instructed to modify the judgment accordingly.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.