[S. F. No. 788.   Department One.—September 2, 1898.]

## WILLIAM DRISCOLL, Respondent, v. ANDREW WINTERS et al., Appellants.

GUARANTY—ALTERATION OF CONTRACT—RELEASE OF GUARANTOR.— A guarantor is released from liability by any material alteration of the terms of the contract, the performance of which was guaranteed by him, if made without his consent, whether such alteration has the effect to increase or decrease the liability of the person whose performance of the terms of the original contract was guaranteed.

ID.—CONTRACT TO FURNISH MILK—REDUCTION OF QUANTITY.—The modification of a contract for the purchase of a specified quantity of milk daily, the performance of which by the purchaser was guaranteed by a third party, so as to reduce the quantity purchased each day, releases the guarantor, if made without his consent.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.   W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, for Appellant.

The change of the contract exonerated the guarantor. (*Bragg v. Shain*, 49 Cal. 131.)   The beneficial character of the change is immaterial. (*Miller v. Stewart*, 9 Wheat. 680.)   Sureties have the right to stand upon the precise terms of their contract. (*Tarpey v. Shillenberger*, 10 Cal. 390; *Carter v. Mulrein*, 82 Cal. 167; 16 Am. St. Rep. 99; *Pierce v. Whiting*, 63 Cal. 538, 543, and

references cited; *Elder v. Kutner,* 97 Cal. 490; *Heidt v. Minor,* 89 Cal. 115; *Lafayette v. James,* 92 Ind. 240; 47 Am. Rep. 140.)

Galpin & Zeigler, and Charles S. Perry, for Respondent.

The construction of the contract in favor of the surety is to be reasonable, and not strained. (*People v. Brefogle,* 17 Cal. 504; Civ. Code, sec. 2837.) An immaterial alteration, not affecting substantial rights, does not discharge the surety. (Baylies on Sureties and Guarantors, 261; *Humphreys v. Crane,* 5 Cal. 173; *Kingsbury v. Westfall,* 61 N. Y. 356; *Blair v. Bank of Tennessee,* 11 Humph. 84.)

GAROUTTE, J.—Winters contracted to purchase of Driscoll sixteen three-gallon cans of milk daily for the period of one year. He agreed to pay Driscoll therefor forty-five cents per can. Myers entered into a writing guaranteeing the performance of this contract upon the part of Winters. A short time after this guaranty was given, by the mutual consent of Winters and Driscoll, and without the knowledge of Myers, the contract was modified to the extent that Winters should purchase only thirteen cans of milk daily. Upon the expiration of the year, Winters failing to pay for the milk furnished, Driscoll brought this action against both him and Myers for the agreed price of the milk furnished, and judgment was rendered against them for the amount claimed. They have now appealed from that judgment, and also from the order denying their motion for a new trial.

As to the guarantor, Myers, the judgment is wrong. He was released from all liability upon his undertaking when the original contract between Driscoll and Winters was changed without his consent. Section 2819 of the Civil Code declares: "A guarantor is exonerated . . . . if by any act of the creditor without the consent of the guarantor the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal in respect thereto in any way impaired or suspended." This section is but a restatement of a common and elementary principle of law. In the present case the obligation of the principal (Winters) was altered in a material and important respect. If the two contracting parties could alter the contract without the consent of Myers by reducing the number of cans of milk to be furnished, and still Myers be bound,

then they could for the same reasons increase the number of cans of milk to be furnished, and likewise bind him for the price of the increase.     The obligation of the principal is altered in either case, and such alteration is prohibited by the law.

Respondent in his brief declares that Myers has no reason to complain that he is only charged with the price of thirteen cans of milk daily rather than sixteen cans.     But Myers has the right to declare that it is not nominated in his bond that he should be bound for thirteen cans of milk.     Such was not his contract. The contract, the performance of which he guaranteed, has been set aside and displaced by a second contract, and the performance of that contract was not guaranteed by him.     It is claimed that only those alterations in the original obligation which tend to increase the liability of the surety or guarantor operate as a release.     The authorities are all the other way.     It is not for a court to say that the alteration of the obligation redounds to the benefit of the guarantor.     No one has authority to make contracts for his benefit, and courts cannot enforce such contracts against him, for he in no sense is a party to them.     We find this question extensively discussed by the code commissioners in the annotated edition of the code.     (See Civ. Code, sec. 2819, note.) The views there expressed are all opposed to respondent's contention.

There is nothing in the record which demands a reversal of the judgment as to defendant Winters.     It therefore follows that, as to defendant Myers, the judgment and order denying a new trial are reversed; and that, as to defendant Winters, the judgment and order are affirmed.

Harrison, J., and Van Fleet, J., concurred.