# American Trust Company to use, Appellant, *v.* Louderback.

*Principal and surety—Bond—Promissory notes—Renewal notes.*

A bond given to secure the payment at maturity of promissory notes of another purchased by the obligee, does not secure renewal notes substituted in place of the notes purchased by the obligee, and not paid at maturity.

Argued Jan. 8, 1908. Appeal, No. 234, Jan. T., 1907, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1905, No. 4,263, making absolute rule to open judgment in case of American Trust Company to use of Federal Trust Company v. Daniel Louderback. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to open judgment.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*Edgar K. Bleloch*, with him *Michael Francis Doyle*, for appellant.—A judgment entered upon a warrant of attorney, given by A to indemnify, save and keep harmless B of and from all loss, etc., of whatsoever kind, by reason of the nonpayment of any commercial paper made or indorsed by C and purchased by B, is collateral to the debt, or debts, and is not relieved by renewals of the notes : First Nat. Bank of York v. Diehl, 218 Pa. 588 ; Lytle's App., 36 Pa. 131 ; Shrewsbury Savings Institution's App., 94 Pa. 309.

*Joseph H. Taulane*, with him *Ernest E. Prevost*, for appellee.—It is confidently submitted that a bond given to secure the payment of a note at maturity is not security for a note taken in renewal thereof : Ayres v. Wattson, 57 Pa. 360 ; Moorehead v. Duncan, 82 Pa. 488 ; Price v. Dime Savings Bank, 124 Ill. 317 (15 N. E. Repr. 754) ; Bank v. Burns, 46 N. Y. 170 ; Metz v. Todd, 36 Mich. 473 ; Diehl v. Davis, 88 Pac. Repr. 532.

OPINION BY MR. JUSTICE MESTREZAT, March 2, 1908 :

A brief statement of the facts shows that the learned court below was right in making absolute the rule to show cause why the judgment in this case should not be opened and the defendant let into a defense.

Daniel Louderback, the defendant, on July 12, 1905, executed a bond and warrant of attorney to the American Trust Company, the legal plaintiff, in the sum of $5,000.   The bond recites that : " the American Trust Company has in the past purchased and may in the future purchase commercial paper made or indorsed by Samuel K. Reichner ; " and " it is the intention of the said Daniel Louderback to save, protect, indemnify and keep harmless the said American Trust Company, of and from all loss by reason of any of the said commercial paper not being paid at maturity."   The condition of the bond is that Louderback will " save, protect, indemnify and keep harmless the said American Trust Company, of and from all loss, charge, expense, liability, claim or demand of whatsoever kind by reason of the nonpayment at maturity of any commercial paper made or indorsed by Samuel K. Reichner and purchased by it, the said American Trust Company."   On

November 22, 1905, the American Trust Company entered judgment on the bond; and in one year thereafter, on November 22, 1906, assigned the bond and judgment to the Federal Trust Company, the equitable plaintiff.

After the execution and delivery of the bond, the American Trust Company purchased notes made or indorsed by Reichner. On November 22, 1906, the date on which the American Trust Company assigned the bond and judgment to the Federal Trust Company, the former sold to the latter eleven notes indorsed by Samuel K. Reichner for the face value thereof, $4,145. The bond and judgment were assigned to the Federal Trust Company as security for the payment of these notes. On the hearing on the rule to open the judgment, both sides took depositions which developed the fact that all the notes sold to the Federal Trust Company by the American Trust Company on November 22, 1906, were the last renewals of other notes purchased some time before and which were not paid at maturity. J. S. Crawford, vice president of the American Trust Company, testified that in purchasing the notes his company had no other evidence of the indebtedness of Reichner than the notes that were purchased; that when a note matured, the old note was handed back to Reichner because the company got a new note to take its place; that when a note was renewed that was considered as an extension of the credit to Reichner; and that in renewing the notes, the new note replaced the old and was taken in payment of the old note.

It is clear from this statement of the uncontroverted facts in the case, that Louderback is not liable for the eleven notes now held by the Federal Trust Company. The extent of his liability for Reichner's notes is clearly defined by the obligation which he signed, and the terms of the bond fix his liability. The recital in the bond as well as its condition show that Louderback's liability to the obligee company was limited to " the nonpayment at maturity of any commercial paper made or indorsed by Samuel K. Reichner and purchased by it." The bond was not given to secure any notes made or indorsed by Reichner, but only such as were purchased by the trust company and not paid at maturity. The security had the right to define and limit his liability, and having done

so the trust company was compelled to observe the limitation
or restriction if it sought to charge the security with Reich-
ner's default.  The indemnity given the obligee in the bond
was for Reichner's commercial paper purchased by the com-
pany and not paid at maturity.  On all such paper the ob-
ligor in the bond was liable.  This, it will be observed, was a
limited or restricted liability.  It was not the intention of the
security to be bound for any or all notes which Reichner
might make or indorse ; nor was it the intention of the obli-
gation that the purchaser of Reichner's notes should be at
liberty to renew the purchased notes at his pleasure and make
the security liable for the nonpayment of the renewals.  As
said by SHARSWOOD, J., in Ayres v. Wattson, 57 Pa. 360, substi-
tuting bond for mortgage, " it is plain that the bond, in law
as well as in equity, was not a security for the renewal notes."
It was not renewal notes that the security obligated himself to
pay.  The stipulations of the contract between the parties
being clear, they are bound by them, and it is the duty of the
court to enforce them.

It is conceded that the only notes held by the plaintiff are
the last of several notes which were purchased by the plain-
tiff.  These notes were given and accepted in payment of the
prior notes.  They are, therefore, clearly not the notes pur-
chased by the plaintiff and unpaid at maturity which alone
imposes liability upon the security.  When the original notes
matured, the security became responsible, and payment could
have been enforced against him.  Such were the terms of his
bond.  For reasons satisfactory to the holder of the purchased
notes, those notes were canceled and returned to the maker
and other notes were taken in payment and satisfaction
thereof.  The notes, therefore, on which the security was lia-
ble were paid and destroyed.  That was the end of the lia-
bility of the security imposed by the terms of the bond.

In 1 Jones on Mortgages (6th ed.), sec. 355, p. 294, it is
said : " A mortgage given to secure the payment at maturity
of the notes of another does not secure renewal notes substi-
tuted in place of them.  The mortgagor stands in the relation
of surety for the debtor, and his obligation cannot be con-
tinued without his consent."  Such is the doctrine of our cases,
Ayers v. Wattson, 57 Pa. 360; Moorehead v. Duncan, 82

Pa. 488; and it rules this case decisively against the appellant.

The order of the court below, making absolute the rule to show cause why the judgment should not be opened and the petitioner let into a defense, is affirmed.