[Civ. No. 2848.  First Appellate District, Division One.—August 8, 1919.]

## JAMES B. NISSEN, Appellant, v. G. W. EHRENPFORT et al., Respondents.

[1] NEGOTIABLE INSTRUMENTS—ALTERATION WITHOUT CONSENT—AVOIDANCE OF INSTRUMENT.—The alteration of a negotiable instrument by which its meaning and effect is changed avoids the instrument as to any nonconsenting party thereto and this rule, as it relates to a guarantor, has been incorporated into our statute law by section 2819 of the Civil Code.

[2] ID.—CHANGE OF INTEREST RATE—GUARANTOR EXONERATED.—Where the payee of promissory notes bearing interest at the rate of six per cent, at a time when said notes were overdue, wrote upon the margin of each of them, with the consent of their maker, but without the knowledge or consent of their guarantor, the words: "Int. from Feb. 20, 1916, 7%. O. K.," and the payee indicated his concurrence in said alteration by placing thereafter his initials, this constituted such an alteration as to exonerate the guarantor.

[3] ID.—CONSTRUCTION OF SECTION 2820, CIVIL CODE—WHEN GUARANTOR NOT EXONERATED.—Section 2820 of the Civil Code providing, "A promise by a creditor, which for any cause is void, or voidable by him at his option, does not alter the obligation or suspend or impair the remedy, within the meaning of the last section [section 2819]," has no application to such a case, but refers to cases in which the promise or agreement of the *creditor* is for any reason invalid or not enforceable against him. In such cases it is held that the obligation of the pre-existing contract, as to which the subsequent promise or agreement is made, is not altered, and consequently that the guarantor is not exonerated.

APPEAL from a judgment of the Superior Court of San Mateo County. Geo. H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ross & Ross for Appellant.

Reed, Nusbaumer & Bingaman for Respondents.

KERRIGAN, J.—The plaintiff, as the assignee of the National Bank of San Mateo, brought suit against the defendants upon five promissory notes executed by defendant Lindeman in favor of said bank, and indorsed as guarantor

by defendant Ehrenpfort. Lindeman answered, setting up that in a proceeding in bankruptcy he had been duly discharged from the payment of his indebtedness represented by said promissory notes. Judgment was rendered against him for the amount due thereon, but its execution was perpetually stayed. Defendant Ehrenpfort answered, and among other defenses pleaded that since the delivery of said promissory notes they had been materially altered by said National Bank of San Mateo without his knowledge or consent, by virtue of which alteration he had been discharged from liability upon said notes. The trial court found in accordance with this plea, and rendered judgment in his favor. The plaintiff appeals from such judgment.

It is an undisputed fact in the case that the payee of said notes, through one of its officers, and at a time when said notes were overdue, wrote upon the margin of each of them, with the consent of their maker, Lindeman, but without the knowledge or consent of Ehrenpfort, the words: "Int. from Feb. 20, 1916, 7%. O. K.," and that Lindeman indicated his concurrence in said alteration by placing thereafter his initials. By the terms of the promissory notes as originally executed they bore interest at the rate of six per cent only.

[1] It is well settled, not only in this state but wherever the law-merchant prevails, that the alteration of a negotiable instrument by which its meaning and effect is changed avoids the instrument as to any nonconsenting party thereto. Dealing with this subject in his work on Negotiable Instruments (sixth edition, volume 2, section 1373), Mr. Daniels says: "Any change in the terms of a written contract which varies its legal effect and operation, whether in respect to the obligation it imports or as to its force as matter of evidence, when made by any party to the contract is an alteration thereof unless all the other parties to the contract gave their express or implied consent to such change. And the effect of such alteration is to nullify and destroy the altered instrument as a legal obligation even in the hands of a *bona fide* holder and whether made with fraudulent intent or not."

"The alteration may consist in changing (1) its date or (2) the time or (3) place of payment or (4) the amount of principal or (5) interest to be paid . . . And the alteration may be effected by adding to the instrument some new provision, or by *substituting one provision for another,* or by

obliterating or subtracting from it some provision incorporated in it." (Id., sec. 1375.)

Numerous authorities are cited by the author in support of the law as thus stated.

The same doctrine is stated in almost identical terms in volume 3 of Ruling Case Law, at pages 966, 977, 1109, and 1113.

The rule, as it relates to a guarantor, has been incorporated into our statute law by section 2819 of the Civil Code, which provides: "A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended." As said in *Driscoll* v. *Winters*, 122 Cal. 65, [54 Pac. 387], this is but a restatement of the common-law rule.

[2] There can be no doubt that the writing of the words above mentioned upon the promissory notes upon which this action is based is such an alteration as is referred to in the authorities cited. The words in themselves, if written upon a separate piece of paper, would be meaningless as affecting any obligation of the maker of these notes. They acquire significance only when read in connection with the promise to pay the principal sum in said notes named, and their effect is, and was intended to be, that from the date mentioned Lindeman was obligated to pay to the Bank of San Mateo seven per cent interest instead of six, and such obligation arose from substituting those words in place of the words relating to the rate of interest appearing in the notes, so that each note thereafter constituted an obligation to pay its principal sum and seven per cent interest instead of its principal sum and six per cent interest.

Several cases are cited by the appellant holding that a notation similar to that above set forth, when indorsed on the back of the note, is not such an alteration as to avoid it; but we think such cases are not in point, or, if they may be so considered, are against the great weight of authority.

[3] The appellant refers us to section 2820 of the Civil Code, providing that "A promise by a creditor, which for any cause is void, or voidable by him at his option, does not alter the obligation or suspend or impair the remedy, within

the meaning of the last section'' (section 2819, Civil Code, hereinbefore quoted). We think it clear that this section of the code has no application to the facts of the present case. It refers to cases in which the promise or agreement of the *creditor* is for any reason invalid or not enforceable against him. In such cases it is held that the obligation of the pre-existing contract, as to which the subsequent promise or agreement is made, is not altered, and consequently that the guarantor is not exonerated. ''The doctrine that the agreement by which an existing contract is changed must be valid and binding in order to discharge the surety has no application to a case where the agreement is by way of alteration of the original instrument.'' (*Stillwell* v. *Aaron,* 69 Mo. 539, [33 Am. Rep. 517, 518]. See, also, *Driscoll* v. *Winters,* 122 Cal. 65, [54 Pac. 387]; *Pelton* v. *San Jacinto Lumber Co.,* 113 Cal. 21, [45 Pac. 12].)

The appellant also discusses the question as to whether the payment of interest in advance, as found by the trial court, implies a promise of forbearance on the part of the creditor, thus impairing his remedy; and also the effect of an indefinite extension of time of payment; but in view of the conclusion we have reached that the guarantor was released by the alteration of the promissory notes on which he was otherwise liable, it is unnecessary to follow the appellant in the discussion of those questions.

For the reasons given the judgment is affirmed.

Waste, P. J., and Richards, J., concurred.