(No. 5953.   June 2, 1933.)

JAY J. SMITH, Respondent, v. STEELE MOTOR COMPANY, a Corporation; WILLIAM J. STEELE and CLAIR HAMPTON, Defendants; ROBERT S. STEELE and OSCAR W. STEELE, Appellants.

[22 Pac. (2d) 1070.]

A. A. Merrill, for Appellants.

E'. A. Owen, for Respondent.

BUDGE, C. J.—From the record it appears that on or about April 15, 1929, articles of incorporation of Steele Motor Company were filed in the office of the county recorder of Bonneville county and Secretary of State. In such articles William J., Robert S. and Oscar W. Steele appear as incorporators, subscribing stockholders and the first board of directors. The record is silent as to whether by-laws were prepared or adopted, stock was issued, officers were elected or minutes kept. On May 15, 1929, William J., Robert S. and Oscar W. Steele, in their individual capacities, executed and delivered to respondent the following "Guaranty and waiver":

"In consideration of you, Jay J. Smith, purchasing or otherwise acquiring any notes, drafts, acceptances, leases, conditional sale contracts, chattel mortgages, accounts receivable, or other obligations or choses in action, herein called 'notes,' bearing the signature as Endorser, Guarantor, Acceptor, or in any other capacity of Steele Motor Company, of Idaho Falls, Idaho, herein called 'Dealer,' the undersigned and each of them do jointly and severally guarantee to Jay J. Smith, his successors or assigns, the faithful and prompt performance and discharge by Dealer with respect to any and all such Notes and/or any and all present or future agreements of Dealer with Jay J. Smith.

"Notice of acceptance of this Guaranty is hereby waived. Presentment, protest and demand, and notice of protest and demand of any and all Notes are hereby waived. The extensions of the times of payments or the removal of Notes or the extensions of the times of performance of agreements or any other indulgence may be granted to Dealer without notice to undersigned.

"This guaranty may be terminated by undersigned serving written notice upon Jay J. Smith, but as to all Notes purchased or acquired and all obligations of the Dealer, contingent or absolute, incurred up to the time of the receipt of such notice, this Guaranty shall be continuing and unconditional until the same are fully paid, performed or discharged.

"This guaranty shall not be discharged or affected by the death of any of the undersigned, but shall bind their respective heirs, executors, administrators, and assigns, and the benefits thereof shall extend to and include the successors and assigns of Jay J. Smith."

On or about June 10, 1929, Steele Motor Company sold an automobile to Clair Hampton and received from him a conditional sale contract for approximately $440, by which title to the automobile was retained by Steele Motor Company until full payment. This conditional sale contract was sold, indorsed and delivered by Steele Motor Company to respondent on June 10, 1929. On November 20, 1929, the charter of Steele Motor Company was forfeited for failure to pay annual license tax. Hampton defaulted in his payments under the contract and shortly prior to May 1, 1930, the car was repossessed. The evidence is conflicting as to whether this repossession was effected by respondent and William J. Steele, or only the latter. By reason of negotiations handled by William J. Steele, with the approval of respondent, on May 1, 1930, Hampton paid $100 to respondent and executed and delivered to him a conditional sale contract for $358.34 covering the automobile, by the terms of which title to the automobile was retained by respondent until payment therefor was made under the terms of said contract. Hampton was thereupon given possession of the automobile. The conditional sale contract of May 1, 1930, bears the following indorsement:

"May 1st, 1930.

"For value received, I hereby guarantee payment of the within note.

"STEELE MOTOR CO.

"By W. J. STEELE."

Hampton defaulted in payment of the contract and on April 16, 1931, respondent repossessed the automobile, sold the same at private sale for $15, credited that amount on the contract and commenced this action in the probate court upon the guaranty to recover $343.34 with interest and attorney's fees. Steele Motor Company and Hampton were not served with summons. William J. Steele filed a demurrer which was overruled, and nothing further is disclosed by the record as to his participation in the action as a litigant. An answer was filed by Robert S. and Oscar W. Steele, after their separate demurrers had been overruled. Trial was had in the probate court resulting in judgment in favor of respondent, from which an appeal was taken to the district court. After trial in the district court a verdict was rendered against Robert S. and Oscar W. Steele upon which judgment was entered, from which judgment they alone have appealed.

There are two questions which are decisive of this appeal, namely: (1) Did the contract of May 1, 1930, constitute such a change or modification of the principal obligation as to release the appellants as guarantors thereunder; and (2) Was the conditional sale contract of May 1, 1930, covered by the guaranty?

Taking up the first question, upon Hampton's default under the conditional sale contract of June 10, 1929, sold to respondent and bearing an indorsement by Steele Motor Company, it would seem that a cause of action immediately accrued in favor of respondent upon the guaranty. (*Rawleigh Medical Co. v. Atwater,* 33 Ida. 399, 195 Pac. 545; *Frost v. Harbert,* 20 Ida. 336, 118 Pac. 1095, 38 L. R. A., N. S., 875; *Miller v. Lewiston Nat. Bank,* 18 Ida. 124, 108 Pac. 901; *Marshall-Wells v. Kramlich,* 46 Ida. 355, 267 Pac. 611; *Sanger v. Flory,* 49 Ida. 177, 286 Pac. 610.) However, no action was brought upon the guaranty until the present action was commenced. It appears from the record that appellants took no part in and had no notice or knowledge of and did not consent to or ratify the conditional sale contract of May 1, 1930, or the purported indorsement by Steele

Motor Company thereon; that they took no part in, had no notice or knowledge of and did not consent to the subsequent repossession of the automobile thereunder by respondent or of its sale by him for $15. Under the facts it would seem that the conditional sale contract of May 1, 1930, cannot be considered as a renewal or extension of the contract of June 10, 1929, notice of which is waived by the guaranty, for the following reasons: that in the contract of May 1, 1930, respondent was made payee instead of Steele Motor Company; that the contract was for a different amount; that there was a change in the date of maturity; that the title to the automobile was retained in respondent instead of Steele Motor Company; that Steele Motor Company, as hereinafter shown, was not a party to the contract either as payee or indorser; and that there is some evidence of difference in the terms of the two instruments.

The rule applicable to such a situation is well set forth in statutory form in California Civil Code, sec. 2819, as follows:

''A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended.''

The foregoing is held in *Driscoll v. Winters*, 122 Cal. 65, 54 Pac. 387, to be ''but a restatement of the common and elementary principle of law,'' and in that case it was held that the rule applied to a guaranty of payment and released and discharged the guarantor, under a contract whereby the principal was to take and pay for a certain amount of milk daily, though the contract, as modified without the guarantor's consent, provided that the principal should purchase a less amount daily. (See, also, *Nissen v. Ehrenpfort,* 42 Cal. App. 593, 183 Pac. 956; *Weed S. M. Co. v. Winchel,* 107 Ind. 260, 7 N. E. 881; *Davis Sewing Machine Co. v. McGinnis,* 45 Iowa, 538; *Stanford v. Coram,* 26 Mont. 285, 67 Pac. 1005; 13 Cal. Jur. 116.)

■ It may be further observed, in line with the forego-ing rule, that the act of respondent in taking title to the property and in eliminating Steele Motor Company as an indorser, as will hereafter appear, deprived the guarantors of a remedy against the property, the right to a judgment against Hampton and an action over against Steele Motor Company, and also deprived them of the right to pay the amount due and repossess the property. Any act of a cred-itor which impairs the remedy of a guarantor will discharge the guarantor. (13 Cal. Jur. 118.)

■ It is clear that the substitution of the conditional sale contract of May 1, 1930, for the previous one, without the knowledge and consent of appellants, constituted such an alteration or change of the original obligation, and im-paired and suspended their remedies thereunder, as to result in their release and discharge as guarantors of such obliga-tion.

■ Coming now to the second question, there is no evi-dence in the record that William J. Steele was an officer of Steele Motor Company or was authorized to indorse the conditional sale contract of May 1, 1930, in behalf of the Steele Motor Company. In the absence of by-law or resolution so authorizing and of ratification or estoppel, an officer of a corporation has no authority to indorse commer-cial paper so as to bind the corporation. There is no show-ing that by-laws were adopted, minutes were kept, or officers were elected, and neither resolution, ratification nor estoppel is shown or relied on.

■■ Furthermore, the contract was indorsed more than ten months after the corporation, as such, had ceased to do business, and after its charter had been forfeited on Novem-ber 30, 1929, for a prior delinquency, which was established by respondent without objection. The effect of such for-feiture of charter is set forth in I. C. A., sec. 29–610, as follows:

"It shall be unlawful for any corporation delinquent under this chapter, either domestic or foreign, which has not paid the license tax or fee, together with the penalty for

such delinquency, as in this chapter prescribed, to exercise the powers of the corporation, or to transact any business in this state, after the thirtieth day of November next following the delinquency.

"Each and every person who exercises any of the powers of a corporation so delinquent, either domestic or foreign, which has not paid the license tax, together with penalty for such delinquency, or who transacts any business for or in behalf of any such corporation, after the thirtieth day of November next following the delinquency, shall be guilty of a misdemeanor, . . . . "

It will thus be seen that not only was the corporation, on May 1, 1930, prohibited from and unable to indorse the conditional sale contract of that date, but that William J. Steele was also precluded and prohibited from so doing in its behalf, even though he had been an officer of such corporation. Such indorsement could only be effectively made, if at all, for the purpose of winding up the affairs of the corporation, by the directors acting as trustees under I. C. A., sec. 29–611, or where it was done by the officers of the corporation for the purpose of winding up its affairs and with the consent of all of the trustees. (See *Ferguson Fruit & Land Co. v. Goodding*, 44 Ida. 76, 258 Pac. 557.) But here, W. J. Steele was not shown to be an officer, the indorsement was not for the purpose of winding up the affairs of the corporation, and was without the knowledge or consent of two of the trustees. "The law authorizes the directors, and not one of them, to act as trustees." (*Newhall v. Western Zinc Min. Co.*, 164 Cal. 380, 128 Pac. 1040.)

From the foregoing it follows that the attempted indorsement was a nullity and the contract was, therefore, not one indorsed by the Steele Motor Company. By the express terms of the guaranty, the only instruments whose payments are guaranteed are those "bearing the signature as Endorser, Guarantor, Acceptor, or in any other capacity of Steele Motor Company, of Idaho Falls, Idaho, herein called 'Dealer' . . . . and/or any and all present or future agreements of Dealer with Jay J. Smith. . . . . "

Thus, having shown that the contract of May 1, 1930, did not bear the signature of Steele Motor Company as indorser, guarantor, acceptor or in any other capacity, and was not a contract between Steele Motor Company and respondent, such contract was not included within or covered by the guaranty, and appellants, as guarantors, were not liable thereunder. (*American Trust Co. v. Louderback,* 220 Pa. 197, 69 Atl. 673, 16 L. R. A., N. S., 775.) The guarantors are entitled to stand upon, and cannot be held liable beyond, the strict terms of their contract. (28 C. J., sec. 94, p. 947.)

Appellants made a motion for nonsuit at the conclusion of respondent's evidence and renewed the same at the close of all of the evidence, upon the ground, among others, that respondent had failed to prove that appellants were liable on their contract of guaranty but had conclusively proved by his own evidence that appellants were released and discharged as guarantors, which motion was denied. In view of what has been said, the court erred in denying the motion for nonsuit. The judgment is reversed and the cause remanded, with instructions to the trial court to sustain the motion for nonsuit and dismiss the action. Costs awarded to appellants.

Morgan and Wernette, JJ., concur.

Givens and Holden, JJ., dissent.