[Civ. No. 9070. Second Appellate District, Division One.—April 24, 1935.]

I. J. SOPRIS, Respondent, v. CONTINENTAL MANU-FACTURING CORPORATION, LTD. (a Corporation), Defendant; LINDSAY GILLIS, Appellant.

John DeFerie for Appellant.

Birney Donnell for Respondent.

ROTH, J., *pro tem.*—Respondent's assignor The Faultless Rubber Company, hereinafter referred to as company, sold brushes over a period of time to defendant Continental Manufacturing Corporation, hereinafter referred to as defendant, but because of the credit standing of the latter, business was done on a c. o. d. basis or on the strength of guaranties executed by defendant and appellant Lindsay Gillis, who was one of the directors of the defendant.

On April 26, 1930, appellant Gillis executed a guaranty in words and figures as follows, to wit:

"Los Angeles, California, April 26th, 1930.
"Faultless Rubber Co., Ashland, Ohio.

"Gentlemen: I will personally guaranty payment of bill for fifty thousand brushes to be made by your Company as ordered by Mr. E. Thoralson for Continental Manufacturing Corporation, Ltd. (of Los Angeles, California). Payment therefor is to be made thirty days after completion of said fifty thousand brushes.

"Yours very truly,
"LINDSAY GILLIS."

Within approximately three weeks thereafter, company and defendant executed a written contract for fifty thousand brushes, which contract set forth the price, terms of payment, time and place of delivery and other provisions. As to the terms of payment, said contract provided: "The above quotations are based upon terms 1% 30 days net 60, f. o. b. Ashland, Ohio. Until such time as you can establish credit

acceptable to our Credit Department, all orders are to be guaranteed by Mr. Lindsay Gillis, or some other financially responsible party acceptable to us. . . . ''

Appellant asserts that the terms of the contract above excerpted constituted a material alteration of his guaranty, and that he is exonerated thereby, citing *Nissen* v. *Ehrenpfort*, 42 Cal. App. 593 [183 Pac. 956]; *Driscoll* v. *Winters*, 122 Cal. 65 [54 Pac. 387]. Neither of these cases is applicable here. In the Nissen case, a specific promissory note was guaranteed and in the Driscoll case a specific contract was guaranteed, the terms of which were thereafter altered, without the guarantor's knowledge or consent in either case and to the detriment of the guarantor. In the case at bar, the appellant did not guarantee the specific contract between the company and defendant. Appellant executed a separate blanket guaranty to cover future purchases, wherein he said that he could be looked to for payment of brushes sold to the defendant to the number of fifty thousand on three conditions: One, that they be manufactured by the company; two, that they be ordered by Thoralson for the defendant, and three, that he be not called upon to pay until thirty days after completion of the order for fifty thousand brushes. There is no contention that the brushes were not manufactured by the company, or that they were not ordered by Thoralson, but appellant does insist that the time of payment was changed.

The thirty days referred to in the guaranty is in no way related to the thirty and sixty day provision in the contract. This is the only possible construction, when read with the other provisions of the contract, as such provisions were written, construed and acted upon by the parties thereto. Thus it was provided and pursuant thereto, the parties did manufacture and take allotted quantities of these brushes from time to time, and at different places. As allotments of brushes were delivered, bills were sent to cover the same. Defendant made some payments on account of these bills by cash, and purported to pay on account by trade acceptances, which were issued to and accepted by the company, but which were not paid when due. It is clear from the writings, therefore, and the conduct of the parties is thoroughly consistent therewith, that they are in no way

related to each other. Appellant, as a director of the defendant, in order to expedite its means of doing business executed a blanket guaranty to cover the purchase of fifty thousand brushes, and apparently relied upon his opportunities to keep in touch with the activities of defendant, and the single safeguard to protect himself which he set forth in his guaranty, to wit: That the brushes be ordered by Thoralson. It is undoubtedly for these reasons that he executed a guaranty so general in its terms. It is true that a single contract was executed for the purchase of fifty thousand brushes within approximately three weeks after the date of the guaranty, but the guaranty would have been just as effective if a dozen different contracts had been executed for that aggregate amount at a dozen different times. Appellant clearly intended that he should not be called upon to pay for each several shipment, as it was made, but should only be required to pay after fifty thousand brushes had been manufactured and completed for the account of defendant, if not paid for within a period of thirty days after such completion. (*Tyson* v. *Reinecke*, 25 Cal. App. 696, 699 [145 Pac. 153]: *Earl Fruit Co.* v. *Herman*, 90 Cal. App. 640 [266 Pac. 592].)

Appellant's point that the issuance and receipt of trade acceptances either extended the time for payment, constituted payment, or otherwise affected the guaranty is untenable. (*Earl Fruit Co.* v. *Herman, supra; Clark* v. *Patterson*, 213 Cal. 4 [300 Pac. 967, 75 A. L. R. 1124]; *Hammond Lumber Co.* v. *Richardson Bldg. etc. Co.*, 209 Cal. 82 [285 Pac. 851]; *London & S. F. Bank* v. *Parrott*, 125 Cal. 472, 481 [58 Pac. 164, 73 Am. St. Rep. 64]; *Woodhead Lumber Co.* v. *E. G. Niemann Investments, Inc.*, 132 Cal. App. 115 [22 Pac. (2d) 252]; *National Bank of New Zealand* v. *Finn*, 81 Cal. App. 317, 343 [253 Pac. 757]; *Bridge* v. *Connecticut Mut. Life Ins. Co.*, 167 Cal. 774, 781 [141 Pac. 375].)

Neither do we agree with appellant's contention that he was erroneously charged with interest on bills past due. As already stated, the guaranty is most general in its terms and was obviously designed to be a blanket guaranty to cover payment for future purchase or purchases of brushes to the amount of fifty thousand. It provided that the

brushes must be ordered by a designated individual, but contained no limitations on his authority to fix the terms of purchase as to price, time of payment, or otherwise. Further, the guaranty itself specifically recites: "I will personally guaranty payment of *bill* for fifty thousand brushes", etc. (Italics ours.) The bill is the invoice rendered by the company to defendant upon delivery of the allotment of brushes, which, according to the contract, was payable within thirty days at a discount of 1% and due within sixty days with no discount. Appellant would therefore be responsible for the amount of such invoice, plus the legal rate of interest, if the same remained unpaid for a period of sixty days, such interest to be computed commencing sixty days after the rendition of each several invoice, assuming the merchandise covered by the invoice was delivered contemporaneously therewith. This we do assume, since no question is raised on this point. The fact that the defendant, after the due date of an invoice or before its due date, undertook to make payment by trade acceptances bearing interest at 8% and due at a future date, could not increase appellant's guaranty to pay the bill. In short, while, because of the general nature of the guaranty in question, defendant had unusual limits in contracting as to the terms upon which the bills were to be rendered, once the status of these bills was fixed, the liability of the guarantor also became fixed.

The judgment must therefore be modified so that the interest will be computed pursuant to our views as above expressed. In all other respects the judgment is affirmed, costs on appeal to respondent.

Houser, Acting P. J., and York, J., concurred.